GEORGE R. MOORE, Appellant, v. ROCKFORD INSURANCE COMPANY, Appellee.

Fire Insurance: PREMIUM: PAYMENT: EVIDENCE. Where in an action upon a fire insurance policy, the plaintiff alleged that the premium was paid by placing the amount thereof to the insurance company's credit in its account with him as its agent, pursuant to a verbal agreement between him and the company, *held*, that evidence that the plaintiff had executed a bond to the company as agent was immaterial. (1)

SAME: WAIVER. Where payment of the premium upon a fire insurance policy is made after loss has occurred the presumption is that it is made too late, and the burden is upon the insured to show an acceptance of the premium by the insurance company. (2)

SAME. The agreement of the parties in such case being that the premium should be paid upon delivery of the policy, *held*, that evidence of the course of dealing between the plaintiff and the insurance company in respect to extending the time for the payment of the premium in previous years, either by crediting the company in the account between it and the plaintiff or otherwise, was immaterial.   (3)

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN, Judge.

TUESDAY, JANUARY 23, 1894.

ACTION on policy of insurance.   There was a verdict and judgment for the defendant, and ·plaintiff appeals.—*Affirmed.*

*Remley & Ercanbrack* for appellant.

*Sheean & McCarn* and *Marshall & Taggart* for appellee.

KINNE, J.—The petition in this case was originally filed by the Union Building Association, and in substance it stated that on October 16, 1888, the defendant issued to George R. Moore its policy of insurance against loss by fire on certain buildings in Oxford Junction, Iowa; that at that time said association held a mortgage on the property for two thousand, five hundred dollars, and the policy contained a provision: "Loss, if any, is payable to Union Building Association of Clinton, Iowa, as its interest may appear;" that on February 5, 1889, the building was partially destroyed by fire, resulting in a damage to said association in the sum of one thousand, five hundred dollars.   The policy contained a statement as follows: "This company shall not be liable by virtue of this policy, or any renewal thereof, until the premium thereof is actually paid."   The defense pleaded is that the premium for this policy was never paid.   The plaintiff in a reply, and for an estoppel, pleaded a cer-

tain recital in the policy wherein the receipt of the premium was acknowledged, and also averred that the plaintiff had no knowledge that the premium had not been paid, and that the defendant had never demanded same. On the issues thus made, the case was submitted to a jury, who found a verdict for the plaintiff, from which the defendant company appealed. The cause was reversed. See *Union Bldg. Ass'n v. Rockford Ins. Co.*, 83 Iowa, 647. After the case was reversed, an amendment to the petition was filed, whereby it was made to appear that George R. Moore had become the owner of the interest of the Union Building Association, and he was substituted as plaintiff. In this amendment he avers that, at the time the policy was issued, he was soliciting insurance for the defendant company, and collecting premiums for it, and received a commission thereon; that, as agent of the defendant, he kept an account with it, and that, when said policy was issued, the defendant was credited upon said account with the amount of the premium, less commission due the plaintiff, and the same was subject to the order of the defendant; that the defendant never demanded said premium of him; that the year before this, and in other years, the defendant had not demanded that the premium for the insurance of the property covered by said policy should be paid to it, but permitted it to lie in the plaintiff's hands; that, by the manner in which the defendant conducted its business, the plaintiff was led to believe that it did not require the premiums remitted, but only required that credit should be given it upon the account with said agency; that after said loss the defendant refused to accept said premium, and to adjust said loss, claiming said premium had not been paid. The defendant answered, denying all the allegations in said amendment. Afterward, the plaintiff filed an amendment to his reply, in which it is averred that it was verbally

agreed between plaintiff and defendant that a credit should be, and was, extended to the plaintiff for the premium on said policy, and that plaintiff should remit same to defendant, with any other money due the defendant for premiums received by the plaintiff, as defendant's agent, in the course of business in the future; that the premium on this policy was not exacted in advance as a condition of the delivery of the policy, but the plaintiff was to have such time as he might desire in which to remit, as had been the custom before that time; that a credit was given defendant for the premium. After the evidence of the plaintiff was in, and after the defendant had made its motion for a verdict, the plaintiff amended the amendment to his petition by striking out the words, "Defendant refused to accept said premium." The court sustained the defendant's motion, and directed a verdict for the defendant.

I.   It is insisted that the court erred in not permitting the plaintiff to testify as to what commission he was allowed on the policy in controversy, and that such commission was the same as that allowed him on other policies, and that the defendant had carried insurance on this property for prior years. An examination of the record shows that, while objections were taken, and sustained, to the questions indicated above, yet during the course of the examination of the witness he did testify fully and without objection to the same matters; so that the error, if any, was without prejudice.

The plaintiff was asked if he had not executed a bond to the company as agent. An objection to the question was sustained. The ruling was proper. Whether or not he had given a bond as agent could in no way tend to establish his claim that he had an agreement with the company to credit them with the premium in his account with them. The proposed evidence, in any view, was wholly immaterial.

II. The plaintiff contends that he sent the premium to the defendant a few days after the fire, and that it retained the same, and hence must be held to have waived payment in advance of the premium. Touching the payment of this premium, the pleadings make the following allegations: In the petition there is no direct allegation relating thereto. In the answer it is averred that no premium was ever paid. In the original reply it is averred that "said premium was paid at the time said policy was issued, and was either remitted by said Moore to defendant, or was in the hands of said agent, and defendant had been credited therewith on defendant's account with said agent." The reply also states that the defendant, since the loss, had refused to pay or adjust the same, because it claimed the premium had not been paid. In an amendment to the petition, there is no claim that the premium was paid after the loss, but it is alleged to have been paid when the policy was issued, by crediting the amount in the plaintiff's account with defendant. It is expressly averred therein that, after the loss, the defendant refused to accept the premium, and denied its liability, because the premium had not been paid. It is true that after all the plaintiff's evidence was in, and after the defendant had moved for a verdict, the plaintiff amended the amendment to the petition by striking out the allegation that "defendant refused to accept said premium." Now, it is claimed that, inasmuch as the defendant had a denial in to the petition, and the plaintiff introduced evidence relating to sending the premium after the loss, therefore the question as to whether the defendant had waived advance payment of the premium should have been submitted to the jury. The plaintiff testified that he sent the money to the defendant a few days after the loss occurred, but there is nothing to show that the defendant ever received or accepted it. On the contrary, the plaintiff introduced in evidence a

letter from defendant's secretary, written after the loss, in which defendant denies liability, on the ground that the premium had not been paid. This letter was written long after the plaintiff claims he sent the premium. Now, we think that, when a premium is sent in after a loss, the presumption is it was sent too late, and the burden in such case of showing an acceptance by the company is on the plaintiff. The plaintiff has failed to show that defendant accepted the premium after the loss. The case was not tried upon any such theory. The claim of the plaintiff was that the premium was paid when the policy was issued, either directly or by placing the amount thereof to defendant's credit in its account with him as its agent.

III. It will be observed that on the former appeal it was found and held that the policy was not delivered to Moore upon a credit, but that the parties to the contract of insurance intended it as a cash transaction. The evidence on that appeal, as in the present one, shows that Moore agreed to remit the premium on receipt of the policy. The policy was sent him under that agreement. That agreement contemplated no credit, either on Moore's account as agent or otherwise. The obligation of the defendant company to pay did not exist, because the premium had not been paid. It being clear from all the circumstances surrounding the execution of the policy, that there was no intention on the one hand, nor expectation on the other, that time should be given in which to pay the premium, any and all evidence as to the course of past dealings between the parties in respect to extending time in previous years for the payment of the premium, either by crediting the company in his account with them or otherwise, was wholly immaterial. The provisions of the policy itself, taken in connection with plaintiff's letter wherein he promised to "remit" if the policy was sent, and of the defendant's letter inclosing the policy, wherein

the plaintiff was asked to remit the amount of the premium, clearly shows that there was no ground for claiming that there was any thought of credit being extended for the payment of this premium. As this branch of the case was fully considered in the former appeal, there is no call for more extended discussion. The court below properly directed a verdict for the defendant. AFFIRMED.