FRYER, Jr., v. MAURER.

(*Circuit Court, S. D. New York.*   July 17, 1884.)

PATENT LAW—TILED ARCH, ETC., FOR INTERIORS—KREISCHER'S PATENT.
    The invention is old; and it is useless to attempt to sustain the patent upon
    refined distinctions in structure, which the patentee evidently never contem-
    plated, and which certainly are not within the claims as expressed in the pat-
    ent.

In Equity.
*Geo. W. Van Siclen,* for complainant.
*Gen. John A. Foster,* for defendant.

WALLACE, J.   A rehearing was granted in this cause because it
appeared that an erroneous interpretation had probably been placed
upon the description in the English provisional specification of
George Davis at the original hearing.   Upon the rehearing, however,
the defendant was permitted to introduce a new exhibit, the Gui-
chard French patent of 1869, which supplies all that was attributed
originally to the Davis provisional specification.   The Guichard pat-
ent is, in fact, a complete anticipation of everything that is essential
and valuable in the complainant's invention as described and claimed
in his letters patent, although it is introduced as showing that in the
prior state of the art there was no invention in Kreischer's hollow-
tiled arch.

The complainant insists that his patent is not for a flat arch of
sectional hollow tiles supported by girders, the sections of which have
plane joints, and recesses where they abut against the girders to
catch over the flanges of the girders; but that it is for a flooring con-
sisting of the flanged iron girders, the flat arch of sectional hollow
tiles, with recesses which go under the flanges of the girders, wooden
floor joists resting on the tiles, and with air spaces between the top
of the tiles and the wooden floor.   The patentee might have claimed
such a flooring, but he did not either in his original or reissued pat-
ent, and obviously because he did not mean to be limited to such an
invention.   The claim of the original is for a hollow arched tile made
in three sections, having recesses in the end sections to catch over
the bottom flanges of the iron girders, and the middle section being a
wedge-shaped key.   The iron girders are necessarily included as a
feature of the invention thus claimed, because, otherwise, there would
be nothing to support the arch, and nothing for the recesses to catch
upon or over, and by a reference to the description of the drawings
the entire conception of the patentee may be readily understood.

In the reissue two claims are inserted in the place of the one claim
of the original.   The first claim is merely a more specific statement
of the claim of the original, except that it does not limit the inven-
tion to an arch composed of three sections, and eliminates the recess
in the end sections as a constituent.   As it was apparent from the

description in the original that the arch could be made of a larger number of sections, and could be made without recesses in the end sections, it was proper to make these modifications in the first claim of the reissue; and the claim of the reissue was for the same invention described in the original. The second claim in the reissue is the first claim limited by making the recesses in the end sections of the tile, which are left out in that claim, a constituent. It is the same as the claim of the original patent, except that it does not confine the invention to an arch having three sections only; and, for the reasons stated in reference to the first claim, it is for the same invention described in the original. As the reissue was obtained within two years of the issue of the original, it is valid.

But it becomes necessary for the complainant now, in view of the evidence showing the prior state of the art, to abandon the real claims of the patent, which are for a peculiar arch of hollow tiles supported by girders to be used in the walls or in the ceilings of buildings, and to substitute a claim for a flooring with air spaces for ventilation, and an arch of a special construction which is peculiarly contrived to form the ceiling of the room below.

The patentee undoubtedly conceived that when his arch was used as a ceiling under the flooring of buildings an incidental advantage could be obtained by constructing it so as to leave air spaces for ventilation to the sleepers and flooring; and he pointed out the advantages of his arch over brick arches in that respect; but he did not intend to limit himself to a claim which would not be infringed if a flooring and sleepers were not used in connection with his arch. The language of the claims is not fairly susceptible of such a construction. They would be infringed if his arch were used, although the space above it were filled up with cement, and no sleepers or flooring were used.

The slight variation between the form of the recess in the end sections of the patentee's tiles and that found in the several earlier arches of sectional hollow tiles, is not of sufficient novelty to sustain the patent. The patentee describes the arch as provided, at its end sections, with a recess "to catch over" the bottom flanges of the iron girders, when his arch is used for ceilings, but he does not suggest any special advantage arising from the form of the recess. The recess was apparently designed to assist in supporting the arch as a locking device. If it has any advantages over those which were used for the same purpose by others previously, arising from its form, the form should have been described. The form is shown in the drawings, but obviously the language of the description does not confine the patentee to any particular form, but covers any form which will enable the end tile to "catch over" the flange. It may be that the earlier recesses do not catch over, but they lock the girder, for all practical purposes, as well as those of the patentee. In any event, the patentee's change in the form of the recess does not amount to

invention. The recess in the defendant's end tiles does not differ materially from the recesses in the Garcius and Roux Freres exhibits, yet the complainant insists that the defendant has the recess described in the patent.

In conclusion, there was no patentable novelty in Kreischer's hollow-tiled flat arch, the invention which is claimed in the complainant's patent, in view of the prior state of the art. Hollow tiles were old; flat arches were old; flat arches made of hollow tiles in sections were old; flat arches of sectional hollow tiles with plane joints were old; such arches supported at the ends by girders, and used to support the floors of fire-proof buildings, were old; such arches thus supported were old when the end sections of the tiling were provided with a recess to receive the flange of the girder. Everything which is of the substance of the invention was old except a slight change in the form of the recess in the end sections of the tiling. No advantages arising from this change of form are suggested in the patent, and it is doubtful whether there are any practically. If there are any, the form is described in terms so vague that any form which serves to lock the tile to the girder will satisfy the description; and the old recesses would do this. Kreischer, doubtless, thought that his arch was new, and he described and claimed his invention broadly upon this theory. It is now shown to have been old, and it is quite useless to attempt to sustain the patent upon refined distinctions in minor details in structure which the patentee evidently never contemplated, and which certainly are not within the claims as expressed in the patent.