UNION BUILDING ASSOCIATION, Appellee, v. ROCKFORD INSURANCE COMPANY, Appellant.

1.  **Practice in Supreme Court:** ASSIGNMENTS OF ERROR: FORM. An assignment of error based upon an alleged error of the trial court in excluding evidence of a particular fact need not recite the question which was the subject of such ruling of the court, nor the name of the witness of whom the question was asked.

2.  **Fire Insurance:** PREMIUM: RECEIPT OF PAYMENT IN POLICY: ESTOPPEL. A clause in a policy of insurance against fire, acknowledging the receipt of payment of the premium thereon, but which was not paid in fact, and remained unpaid at the date of loss thereunder, will not estop the insurer from setting up such non-payment as a defense to an action upon such policy by a mortgagee to whom the loss was made payable, and who had no notice of the non-payment of the premium, where it appears that the delivery of the policy to the insured was made by mail upon his express promise to remit the amount of the premium upon the receipt of the policy.

*Appeal from Jones District Court.*—HON. J. H. PRESTON, Judge.

SATURDAY, OCTOBER 24, 1891.

ACTION on a policy of insurance. The petition shows that on the sixteenth of October, 1888, the

defendant company issued to one George R. Moore its policy of insurance against loss by fire on certain property in Oxford Junction, Iowa; that at the time the plaintiff company held a mortgage on the property for twenty-five hundred dollars; and the policy contained a provision as follows: "Loss, if any, is payable to Union Building Association, of Clinton, Iowa, as its interest may appear;" that on the fifth day of February, 1889, the building was partially destroyed by fire, resulting in damage to the plaintiff in the sum of fifteen hundred dollars. The policy also contained a provision as follows: "This company shall not be liable by virtue of this policy, or any renewal thereof, until the premium thereof is actually paid." It is pleaded in the answer, as a defense, that the premium for the policy in question was never paid. The plaintiff, to avoid this defensive plea, replied as follows: "That said policy of insurance set out in plaintiff's petition was obtained by said George R. Moore for the purpose of protecting the interest of plaintiff in said property therein insured, as mortgagee, of which fact defendant had full knowledge at said time; that defendant issued said policy, and sent the same to plaintiff, and recited in said policy that the same was issued 'in consideration of forty-two dollars to them in hand paid by the insured hereinafter named, the receipt whereof is hereby acknowledged;' that at no time, either prior to or subsequent to said loss, has defendant notified plaintiff that said premium was not paid, nor has defendant ever demanded the same of plaintiff, and plaintiff had no knowledge that the same was not paid, or that defendant claimed the same was not paid; and said defendant is now estopped from asserting that said premium is unpaid, as against this plaintiff." The cause was submitted to a jury that returned a verdict for the plaintiff, and from a judgment thereon the defendant company appeals.—*Reversed.*

*Marshall & Taggart* and *Sheean & McCarn*, for appellant.

*Remley & Ercanbrack*, for appellee.

GRANGER, J.—I.  It is urged by the appellee that the assignments of error by appellant are not sufficiently

1. PRACTICE in supreme court: assignments of error: form.

specific to justify us in a consideration of them.  With our view of the case, it is only important that we consider the fourth, which is as follows:

"The court erred * * * in sustaining plaintiff's objections to the testimony and evidence offered by defendant tending to prove that the premium named in the policy sued on had never been paid by plaintiff, or by anyone else, nor any part thereof, and in refusing to permit defendant to prove that no part of said premium had ever been paid; which ruling and proceeding were prejudicial to defendant, and to which ruling and proceeding defendant excepted at the time.".

It is said that this assignment "does not state what questions were asked, to which the objections made by plaintiff were sustained, nor to what witnesses the questions were put."  In case of an assignment as to the admission or exclusion of evidence, the law does not require that the questions shall be embodied therein. It is not the province of the assignment to contain the part of the record relied upon as showing error, nor is the name of the witness of whom questions are asked material.  The error, if any, consists in the exclusion of the evidence offered to establish a material fact in issue. The assignment specifies the fact, and states wherein the court erred, as by refusing evidence proper to sustain such fact.  We think the assignment sufficiently specific.

II.   We have omitted from the statement of the
case issues not essential to the question which we think

2. FIRE insur-
ance: pre-
mium: receipt
of payment in
policy:
estoppel.

it important to consider.   The application
for the policy was by letter, and concluded
as follows:

"If you wish to renew at compact rates, you can
send renewal to yours truly, and I will remit, and am

"GEORGE R. MOORE."

In pursuance of the application the policy was sent
from Rockford, Illinois, to George R. Moore, at Oxford
Junction, Iowa, with a letter requesting him to remit
the amount of the premium due, and the policy was by
Moore delivered to the plaintiff company.   To sustain
the allegation of the answer, that the premium had
never been paid, the defendant offered the deposition
of one Charles E. Sheldon, who was secretary of the
company, in which appears the following question:
"State whether or not the premium mentioned in said
policy has been paid."   There was an objection to the
question "as being incompetent and immaterial, for
the defendant is estopped from denying the receipt of
the premium as stated in the policy."   The court sus-
tained the objection, and the ruling is made a ground
of complaint to us.

As we view the record and the arguments we are
brought fairly to consider the question whether the
defendant company, by issuing the policy as it did,.
with an acknowledgment of a receipt of the premium,
and a statement therein that the "loss, if any, is pay-
able" to the plaintiff company, estops the defendant,
as against the plaintiff, from proving non-payment of
the premium.   It will be seen that the policy was not
delivered to Moore upon a credit, but that the parties.
to the contract of insurance intended it as a cash trans-
action.   Moore agreed to remit the premium on receipt.
of the policy, and the policy was sent to him with a.
direction to remit.   Until the premium was paid there

was not a complete transaction between the defendant company and Moore; and it is not questioned but that, as to Moore, the policy would be void if the premium was not paid. It is then a question how the relation of the plaintiff company to the transaction changes the rule as to the defendant company's liability.

The defendant company sent to Moore the policy with the words therein, "loss, if any, is payable to Union Building Association of Clinton, Iowa, as its interest may appear." Mr. Flanders, in his work on fire insurance (page 441), says: "Where the policy provides that the loss, if any, is payable to another, to a mortgagee, for example, instead of the assured, it is merely a designation of the person to whom it is to be paid, and is not an assignment of the policy. Hence, it is the damage sustained by the party insured, and not by the party appointed to receive payment, that is recoverable from the insurers. The insurance being upon the interest of the insured, if he parts with that interest before the fire, no loss is sustained by him, and, of course, none is recoverable by his assignee or appointee. In other words a policy made "payable to A, in case of loss," is an agreement on the part of the insurers that "A" shall recover whatever the person originally insured may be entitled to receive in case of loss; that is, it is a contingent order or assignment of what may become due under the contract, and not an absolute transfer, by virtue of which the assignee acquires the full rights of an assignee of a chose in action." The rule thus stated has the support of many well-considered cases. In *Continental Ins. Co. v. Hulman*, 92 Ill. 154, where this principle in question was involved, the language above is quoted, and the court says: "Making the loss, if any, payable to Hulman & Cox, mortgagees, was not an insurance of their mortgage interest in the property." The supreme court of Massachusetts has repeatedly held to such a

rule. In *Franklin Sav. Inst. v. Central M. F. Ins. Co.*, 119 Mass. 240, the plaintiff was a mortgagee; and the policy provided that it was to be payable, in case of loss or damage, to the mortgagees "as their mortgage claim may appear." The policy was declared void because, in violation of its terms, the property afterwards became unoccupied. The court says: "It has been repeatedly held by this court that such an indorsement does not operate as an assignment of the policy, nor as a contract to insure the interest of the mortgagees, but that they can claim only what the party originally insured is entitled to recover under his contract." The case cites *Fogg v. Middlesex M. F. Ins. Co.*, 10 Cush. 337; *Hale v. Mechanics' Ins. Co.*, 6 Gray, 169, and *Loring v. Manufacturers' Ins. Co.*, 8 Gray, 28. *Bergson v. Builders' Ins. Co.*, 38 Cal. 541, involves the essential facts and the principles that should govern in this case. The non-liability of the company was held because of a failure to pay the premium. The policy had been assigned, and contained a receipt for the premium. After the assignment the company gave notice to the assured that, if the premium was not paid by a certain day, the policy would be canceled, which was done. The case, in harmony with other cases, marks a distinction between those involving an assignment of the property insured and an assignment of the policy. In case of a mere assignment of the policy the case says: "The assignee cannot claim any benefit from the fact that he is a *bona fide* holder without notice." The notice referred to must have been that of the non-payment of the premium for which the policy contained a receipt. Such are the facts upon which the estoppel is claimed in this case. In *Grosvenor v. Atlantic Fire Ins. Co.*, 17 N. Y. 391, the policy had issued to one McCarty with the clause: "Loss, if any, payable to Seth Grosvenor, mortgagee." Afterwards McCarty, in

violation of the terms of the policy, transferred the property so as to defeat the policy as to him. As to Grosvenor the court says: "The mortgagor must sustain a loss for what the insurers are liable before the party appointed to receive the money would have a right to claim it. It is the damage sustained by the party insured, and not by the party appointed to receive the payment, that is recoverable from the insurers." In *Carpenter v. Providence W. Ins. Co.*, 16 Pet. 495, speaking of the assignment of a policy the court says: "The rights of the assignee under the policy cannot be more extensive than the rights of the assignor." Many other authorities are of like import. The appellee cites some cases as holding a contrary doctrine, but we think, when carefully examined, they do not. We notice two on which we think most reliance is placed. In *Basch v. Humboldt M. F. & M. Ins. Co.*, 35 N. J. Law, 429, the policy was sent to the agent of the company containing a clause that "the policy is to have no effect until the premium shall have been paid." The agent delivered the policy to the assured with the understanding that the premium, with other premiums, should be paid. The case holds that evidence to show that the premium was not paid was incompetent, and contradicting the receipt in the policy, and the court, by BEASLEY, C. J., says: "I think when the assured received this policy he had a right to presume either that the agent had settled the premiums with the company, or that they by their receipt intended to relinquish the clause requiring payment." The record in that case does not show that the company, in sending the policy to the agent, required a payment, and from the record that court regarded the facts sufficient to justify the assured in assuming that the payment had been made by the agent of the company or waived. In this case Moore in receiving the policy acted directly with the company,

and he knew that its delivery was conditional upon his promise to remit the premium. The policy was retained, if the premium was not paid, in plain violation of the understanding of the parties, and there is no ground whatever for assuming either a payment or a waiver, as held in the New Jersey case. In *Home Ins. Co. v. Gilman*, 112 Ind. 7; 13 N. E. Rep. 118, the company sought to escape liability because of non-payment of the premium, when the facts were that the assured gave to the agent of the company a credit for which the agent agreed to pay the premiums, and "transmitted the amount of the premium to the company in due course." The case holds that, "for all that appears, the assured was fully justified in presuming that the agent was authorized to make the arrangement disclosed." While the state of the law on this subject is somewhat confused by a statement in some cases of abstract rules, we have found no case in which the party designated in a policy to which the loss, if any, is made payable, whether he be designated an assignee or an appointee to receive the money (both of such terms being employed in the case), is entitled to recover where, under the facts, the assured could not. The language under which the payment can be claimed and the authorities lead to the conclusion that the rights of such a party depend on the liability of the company to the assured. Such a liability being established the payment is to be made to the party designated to receive it. If this premium has not been paid the case as to Moore is this: The company, relying on his promise to pay the premium on receipt of the policy, sent it to him. No credit was intended, nor had the company reason to suppose he would wrongfully deliver it to others. Properly speaking it was not a delivery to Moore, because not intended as such without the payment. The case is not different in principle from what it would be if Moore had been

present at the office of the company, and the policy had been handed to him with the intent that the premium would then be paid, and he wrongfully detained it without payment. We believe no case has or will hold that with such facts the company would be estopped to deny and prove non-payment of the premium. If not estopped as to Moore it would not be as to the person entitled to receive the loss, if any, in his .stead. If not estopped it must follow that the testimony was admissible to show the fact of non-payment, and that the court erred in excluding it.

Believing that this discussion of the case will be a ·sufficient guide on another trial other questions need not be considered. The judgment is REVERSED.