CASE 90—PETITIONS ORDINARY TRANSFERRED TO EQUITY—
JANUARY 21.

# Bergman, &c., v. Commercial Assurance Company of London.
# Bergman, &c., v. Phœnix Insurance Company.

### APPEALS FROM LOUISVILLE CHANCERY COURT.

1. WHERE A MORTGAGOR INSURES THE MORTGAGED PROPERTY AGAINST FIRE, the mortgagee, in the event the property is burned, is entitled to as much of the insurance money as may be necessary to pay the mortgage debt; and the insurance company, notwithstanding the payment of the loss to the mortgagor, is still liable to the mortgagee. Nor is the mortgagee bound by any agreement in the policy as to the manner of ascertaining the loss unless he was a party to the agreement, or has in some way, as by accepting an assignment of the policy, assented to its terms.

2. SAME—PROVISION IN POLICY AS TO ARBITRATION.—A provision in such a policy that in case of fire the loss shall, upon the request of "either party," be ascertained by arbitration, and that the value of the property as fixed by the arbitrators shall be conclusive upon "the parties," does not contemplate that the insured alone shall arbitrate with the insurance company, but that there shall be an arbitration by the parties in interest, who, in such a case, are the mortgagee and the insurance company, the mortgagee being responsible to the mortgagor for an abuse of the trust. If, however, the policy provided that the insured alone should arbitrate with the insurance company, the mortgagee, having accepted an assignment of the policy, would be bound by that agreement.

W. O. HARRIS FOR APPELLANT BERGMAN.

1. The agreement in the policy that no action shall be brought until the amount of the loss has been fixed by arbitration, is against public policy and void. (Story's Eq. Jur., sec. 670; Home Ins. Co. v. Moss, 20 Wall., 445.)

2. The submission to arbitration in this case was void because made without the consent of the mortgagee, to whom the loss was made payable. (Wood on Fire Insurance, sec. 370, and cases cited.)

R. T. COLSTON FOR MORTGAGEE.

1. The action of the insured in submitting the question of loss to arbitration is not binding on the mortgagee. (Jones on Mortgages, sec. 407;

Bergman, &c., v. Commercial Assurance Company of London, etc.

Grover v. Atlantic Fire Insurance Co., 5 Duer. (N. Y.), 517; Ennis. v. Harmony Ins. Co., 3 Bosw. (N. Y.), 516; Lucky v. Ganum, 37 How. Pr., 134–38; Tillow v. Kingston Mutual Ins. Co., 1 Seld, 405; Traders' Ins. Co. v. Roberts, 9 Wend., 409; Hammell v. Queen Ins. Co., 50 Wis., 243; Charleston Ins. Co. v. Nave, 2 McMullen, (S. C.), 237; Pollard v. Somerset Mut. Life Ins. Co., 42 Me., 225; Allen v. Hudson River Ins. Co., 19 Barb., 447; Brown v. Roger Williams. Ins. Co., 5 R. I., 399; Fire Assn. of London v. Blumm, 63 Tex.; Harrington v. Fitchburg Mut. Ins. Co., 124 Mass., 126; Barnes v. Insurance Co., 45 N. H., 26.)

2. The condition of the policy that no action shall be brought to recover the amount of the loss until that amount has been fixed by arbitration, is void. The parties can not by agreement oust courts of jurisdiction. (Thompson v. Charnock, 8 Tenn. Rep., 139; 29 P. F. Smith, 478; Gray v. Wilson, 4 Watts, 41; Landman v. Young, 7 Casey, 310.),

B. F. BUCKNER for appellee.

Brief not in record.

JUDGE BENNETT delivered the opinion of the court.

These two cases are to be heard together. It seems. that the appellant Bergman took out a fire policy on his. residence house, situated on his farm in Jefferson county, in each of the appellees' companies for twenty-five hundred dollars each. The appellees indorsed on each policy, by the direction of the appellant Bergman, that the loss on the policy, if any occurred, should be paid to the appellant, R. T. Colston, trustee, he holding a mortgage lien on said property to secure a larger sum than the aggregate sum of both policies, which policies were delivered to the mortgagee. The property was totally destroyed by fire. Each policy provides, in substance, that in case. of loss, upon the request of either party, the loss shall be ascertained by arbitration, which arbitration shall be a. precedent condition to the right to sue for the loss, and the value of the property, as fixed by the arbitrators, shall be conclusive upon the parties. For the reasons hereinafter appearing it is unnecessary to decide whether

the contract to arbitrate is a valid precedent condition to the right of the insured to sue for the amount of the loss or as to whether the amount fixed by the arbitrators is conclusive upon the parties. The appellees called upon the insured, Bergman, to arbitrate said loss, to which he agreed, and the loss was arbitrated, which was found to be about thirty-eight hundred dollars—not, as is contended and as we think is shown by the proof, much more than half the value of the property. To the suit by the appellants, Bergman and Coltson, to recover the value of the house the appellees pleaded said arbitration and tendered the sum awarded. To this plea the appellants replied that the arbitration made with Bergman was not binding upon either of the appellants, because, first, as Colston was the payee of the loss, Bergman was not the proper person to arbitrate said loss; and second, as Colston was the proper person to arbitrate and as it was made with Bergman without the knowledge or consent of Colston, the same was not binding. On the other hand, the appellees contend that under said contracts the persons entitled to arbitrate were the insured and the appellees and not Colston and the appellees; consequently the arbitration was valid and binding on the appellants. The lower court concurred in that view and found for the appellants the sum awarded by the arbitration. If that issue is decided in favor of the appellants, the case, without reference to the other issues, must be reversed.

There is no doubt that the appellant Colston, as mortgagee, without an assignment of the policies, could compel the appellees to pay to him such portion of the insurance money, in case of loss, as would be necessary to satisfy the mortgage debt; and if they paid it to the insured

without the consent of Colston, the mortgagee, they, not-withstanding such payment, would be held liable to Cols-ton to the extent that his mortgage security had been diminished by reason of such payment. They would be thus liable upon the principle of the conversion of the fund to which the mortgagee was entitled for the payment of the mortgage debt; and the mortgagee would be en-titled to the value of the property destroyed without reference to the amount that the mortgagor and the com-pany had, after loss, agreed that it was worth. Such agreed value would not be binding upon the mortgagee because his mortgage covered the real value of the prop-erty and not the *ex parte* value placed upon it by the mortgagor and the company. The mortgagee, conceding their honesty, would have the right to his say in fixing the value of the property mortgaged to secure his debt, and the company would be as much bound to answer to him for its real value, notwithstanding it had paid its value agreed on, after loss, to the mortgagor, as it would be bound to pay the mortgagee the value of a house mortgaged to him, notwithstanding it had paid to the mortgagor an agreed price of the house. Now, if it were true that the terms of the policies required that the in-sured alone should arbitrate with the appellees, the mort-gagee, Colston, would not be bound by that agreement unless he made himself bound by it by accepting its terms, because as he already held a lien on the property and as he would be entitled to the insurance money in case of loss he would not be bound by any agreement as to the manner of ascertaining that loss unless he was a party to the agreement; therefore, he could claim the value of the property without regard to such agreement and unmeas-

ured by its terms. If it be said, to allow this the company would be held for the value of the property by a rule different from the one that it made with the assured, it may be answered that to compel the mortgagee to be controlled by the rule agreed on by the mortgagor and company would compel him to be controlled by a rule that he did not make. So, as the company had legal notice of his right and that he would be entitled to the loss, its contract with the mortgagor, as between the mortgagee and it, must succumb to the right of the mortgagee.

But the indorsement of the policy by appellees for the benefit of the appellant, Colston, and his acceptance of the indorsement bound him to the terms of the policies in reference to the arbitration as well as to other things, and if it be true that the policies require that the insured alone shall arbitrate with the appellees, then the appellant Colston is bound by its terms in that regard. But the policies do not confine that matter to the insured and the appellees. The policies say " the parties," which term, in our opinion, means parties in interest. And that party in a case like this, in our opinion, is the mortgagee, to whom the loss is made payable, and not the insured. The loss was made payable to him, the mortgagee, by the act and consent of the companies and the insured. The act was equivalent to an assignment of the losses to him, which places him in as favorable position as assignees generally where the obligor has notice of the assignment. And it is well settled in such cases that the obligor and obligee can do nothing without the consent of the assignee that will affect the interest assigned. As long as the mortgage debt that the assignment of the loss was intended to additionally secure remains unpaid, the mortgagee's right

to the full and fair value of the property destroyed can not be controlled by any act of valuation by the insured and the company made without the mortgagee's consent. The arbitration made by them without the mortgagee's consent was a valuation of the property and a disposition of the mortgagee's rights without his consent. Natural justice forbids that the mortgagee's rights shall be arbitrarily disposed of in that way. But has not the insured, the mortgagor, an interest in the value of the property also? Yes; but he has invested the mortgagee with a legal right to that interest by the assignment of the loss, it is true, in trust for the payment of the mortgage debt, and when the mortgage debt is satisfied the mortgagor is entitled to the balance, if any; but nevertheless the mortgagor has invested the mortgagee with the legal right to the loss for said purpose; and, as said, natural justice would require that the mortgagor's right to fix the value in case of a conflict of right be postponed to the right of the mortgagee, and that the mortgagee be permitted to fix the value of the property destroyed in order that the object of the transfer may be fully and fairly realized, he being responsible to the mortgagor for any abuse of the trust. (See Brown v. Roger Williams Ins. Co., 5 R. I., 398; Harrington v. Fitchburg Ins. Co., 124 Mass.; 131; Wood on Fire Insurance, sec. 370.)

The judgment is reversed.