GEORGIA HOME INSURANCE CO. *v.* R. STEIN, USE, ETC.

1. FIRE INSURANCE. *Warranty against incumbrance. Renewal.*

   A condition in a policy of fire insurance forbidding, on penalty of forfeiture, any mortgage or other lien on the property insured, either before or after the issuance of the policy, without the fact being indorsed on the policy, is waived if the agent of the insurer knew, when he issued it, of a mortgage thereon. and made no objection.

2. SAME. *Assent to incumbrance. Second mortgage.*

   Nor will the subsequent renewal of a mortgage, the existence of which is so known, avoid the policy, the amount of the incumbrance not being thereby increased; and, for the same reason, when the insurer assents to a mortgage making the loss payable to the mortgagee as his interest may appear, and afterwards the insured pays part of the debt secured, but reborrows the sum so paid and gives said mortgagee a second mortgage to secure it, the policy is not avoided.

3. SAME. *Appraisement. Not binding on mortgagee.*

   Although a fire insurance policy provides for an appraisement of the loss by persons to be selected by the insurer and insured, such an appraisement, assented to by the latter, is not binding on a mortgagee of the property, to whom, by the terms of the policy, the loss has become payable. His rights, as against the company, become fixed upon the loss, and he, instead of the insured, is the real party in interest.

FROM the circuit court of Leflore county.

HON. R. W. WILLIAMSON, Judge.

Action against the Georgia Home Insurance Company on a policy of fire insurance. The policy was issued to Mrs. R. Stein, insuring certain property which, at the time of issuance, was subject to two trust-deeds given by her, one in favor of the Delta Bank, of Greenwood, and the other in favor of W. H. Tribette. The latter contained the following, among other stipulations: "Any loss that may be proven to be due the assured, under the contract, shall be payable to W. H. Tribette." The action was brought in the name of Mrs. Stein, for the use of Tribette, and the trial resulted in a verdict and judgment for plaintiff, and defendant appeals. The facts touching the only question passed upon by the court sufficiently appear in the opinion.

*Calhoon & Green*, for appellant.

By the terms of the contract, Tribette's rights are restricted to those of Mrs. Stein. This would be so if the language had been general, and especially is it true where the language is: "Any loss which shall be proven to be due the assured, under the contract, shall be payable to Tribette." Such words are collateral to the contract, and do not constitute an assignment of the policy, but a mere appointment of the payee of the proceeds due thereon to the insured, and suit is to be in the name of the insured. Ostrander on Ins., § 278; 60 N. H., 164; 77 Ala., 194. This is recognized by appellee in bringing the suit in the name of Mrs. Stein, and by the further fact that proof of loss was made by her.

The execution of the mortgage, November 3, 1892, to Tribette, and that of January 3, 1893, to the bank, worked a forfeiture of the policy. 76 N. C., 145; 79 Tex., 23; 21 Hun, 83; 68 Iowa, 578.

We submit that a careful reading of the evidence will show that Drennan, the agent, is fully corroborated in his statement

that he had no notice of the existence of the mortgage to the bank. If he ever had any information as to it, it was at a time long previous to the issuance of the policy, and it could not be presumed to have been in his mind when he issued the policy.

The fact that the second mortgage was to secure a reloan of a part of the money paid on a previous mortgage will not prevent the forfeiture. 70 Wis., 1; 8 Cush. (Mass.), 127; 10 *Ib.*, 444; Ostrander, § 91. There is no pretense of any subsequent contract with the company, and we submit there was no waiver. Such waiver must have the elements of equitable estoppel. *Insurance Co.* v. *Matthews*, 65 Miss., 301; *Turnipseed* v. *Hudson*, 50 *Ib.*, 429. Mere silence with knowledge will not operate as a waiver. *Insurance Co.* v. *Scales*, 71 Miss., 975.

It was the duty of Stein to disclose the existence of the mortgages. Under the terms of the policy, the insurer is not required to examine into the condition of the title. 98 Mich., 626.

It is not shown that the information the agent had as to the mortgage was gotten while transacting the business for his principal. The rule requiring an agent to disclose to his principal his knowledge necessary to the principal's protection, whensoever acquired, has this limitation, that the information must be so recent as that it may be inferred that it was present in the agent's mind when he made the transaction. Mechem on Agency, §§ 719, 721; *Goodloe* v. *Godley*, 13 Smed. & M., 233; *Ross* v. *Houston*, 25 Miss., 591; *Insurance Co.* v. *Scales, supra.*

*Longino & Somerville*, for appellee.

1. The power of the agent to waive the forfeiture is well established. *Insurance Co.* v. *Bowdre*, 67 Miss., 620; *Rivara* v. *Insurance Co.*, 62 *Ib.*, 720; *Insurance Co.* v. *Sheffy*, 71 *Ib.*, 919. It is involved in the finding of the jury that the agent did have knowledge of the trust-deed to the bank. That this is a waiver of the condition against incumbrances, see 125 Ill., 361; 76 Cal., 51; 83 N. Y., 140; 36 Minn., 112; 33

Mich., 151; 26 Ia., 58; 32 Wis., 471; 55 Mo., 172; 107 N. C., 240; 88 Tenn., 369; 88 Ala., 606; 5 Wash., 524; 144 U. S., 439; 134 Pa. St., 570; *Farnum* v. *Insurance Co.*, 17 Am. St. R., and cases cited. The cases are discussed in 60 Am. Rep., 690; 100 Am. Dec., 625; 1 May on Ins., § 294; 2 *Ib.*, 497; 1 Wood on Ins., 832, 837, 839; 2 Biddle, § 1060, note 2, and cases cited. We refer especially to *Mitchell* v. *Insurance Co.*, *ante*, 53. It matters not when or how the agent acquired the knowledge, if it was present in his mind at the time the policy was issued. 11 Am. & Eng. Enc. L., 328, and cases cited. 1 May on Ins., 152; 2 *Ib.*, 512. This knowledge may be implied from circumstances. 2 Biddle on Ins., § 1059. It is a metaphysical distinction to separate into different compartments of the agent's brain the information conveyed to him while engaged in his principal's business, and that otherwise received— a task impossible even to surgery.

2. The incumbrance which, as we have seen, was consented to by estoppel, was not increased or changed by the subsequent renewal of the trust-deed, and the policy is not made void. The reasoning employed in reaching this conclusion is identical with that used in discussing concurrent insurance. See *Insurance Co.* v. *Holberg*, 64 Miss., 51; 15 Am. St. Rep., 696, and cases cited.

3. For the same reason, the execution of the second trust-deed to Tribette did not work a forfeiture. By the terms of the policy, the company consented to an incumbrance in favor of Tribette to the amount of ten thousand dollars. That was the moral risk it assumed. There is uncertainty as to when the two thousand dollars was paid to Tribette on the trust-deed, but, in the absence of proof, the presumption will be in favor of the verdict, and we are warranted in the conclusion that the two thousand dollars was paid after issuance of the policy. The reloaning of money paid on the trust-deed did not increase the incumbrance beyond the maximum contemplated. See, in addition to above authorities, *Insurance Co.* v. *Young*, 86 Ala., 424.

*Rush & Gardner*, on the same side.

The proof shows, beyond all question, that Drennan, the agent, was familiar with the loans of the bank and the trust-deeds on the property insured. The verdict of the jury settles this, and the company is estopped to set up the forfeiture. 2 Wood on Fire Ins., § 526; 36 Wis., 67.

It is also shown that the agent knew of the two thousand dollar trust-deed in favor of Tribette, which Mrs. Stein gave for the money reborrowed by her. When an agent is notified of an act which invalidates the policy, and the company does not elect to cancel it, it remains liable for the loss. A ratification of the act with full knowledge of all the facts, is equivalent to a precedent consent. 83 Ill., 453. The rule is the same as that governing as to other or concurrent insurance. The company is bound either to indorse consent upon the policy, or cancel it when it knows of such insurance. Failing to cancel, it will be treated as having assented. 2 Wood on Fire Ins., 1163; 55 N. H., 110; 14 Barb., 406; 16 Ind., 260; 73 Pa. St., 342; 50 Ill., 120; 25 Wis., 291; 53 Vt., 418; 21 Mich., 246.

The renewal of the trust-deed to the bank was a mere extension of the prior incumbrance, and did not increase the same or add to the risk. See, also, *Insurance Co.* v. *Holberg*, 64 Miss., 51.

The arbitration and appraisement were made without the knowledge of Tribette, and are not binding on him. 5 R. I., 394. Besides, the company cannot claim the benefit of the arbitration as to the amount of the loss, and, at the same time, deny its liability on the policy. 2 Wood on Fire Ins., § 456; 17 Ind., 131; 78 Pa. St., 478; 8 La., 508.

Argued orally by *M. Green*, for appellant, and *Percy R. Somerville*, for appellee.

WOODS, J., delivered the opinion of the court.

This is an action on a policy of insurance, issued October 21,

1892, for $2,300, containing the stipulation that any loss that may be proven to be due Stein under the contract for insurance shall be payable to Tribette, the usee in the suit.   At the date of the issuance of the policy, Tribette held a mortgage made by Stein for $10,000, which embraced the property covered by the policy of insurance.   The appellant knew of this mortgage, and "consented to it in the usual manner by putting a loss payable clause in the policy, payable to W. H. Tribette," to quote the language employed in the testimony of Drennan, the witness of the appellant on the trial, and the company's agent, who issued the policy of insurance sued on.   The policy contained the usual conditions forbidding any increase of the risk by any means within the control of the assured, without the consent of the company indorsed on the policy, and forbidding any mortgage or other lien on the property insured, either before or after the issuance of the policy, without the fact being indorsed on the policy, on pain of forfeiture of any right to recover by the insured in case of loss.

The defense of the company to the action on the policy alleges breaches of these conditions, and a forfeiture of a right to recovery by the insured because of the execution of a deed of trust by Stein in favor of the Delta Bank, on April 27, 1891, on the property insured, to secure a debt of $10,000, without the knowledge or consent of the insurance company; and because of the execution of another trust-deed by Stein in favor of the Delta Bank for $10,000, under date January 3, 1893, on the property insured, and without the knowledge or consent of the insurer; and because of the execution of another trust-deed on the property insured by Stein in favor of Tribette for $2,000, under date of November 3, 1892, and without the knowledge or consent of the insurance company.   We dispose of the defense, in so far as it rests upon the execution of the two trust-deeds of $10,000 each, given the Delta Bank, by stating that the evidence leaves no doubt in our mind that Drennan was advised perfectly of the execution of the first of these trust-deeds

when he issued the policy sued on. Indeed, his own evidence on this point can scarcely be considered a serious denial of this knowledge on his part. On his evidence, and that of McDonald, on this point, we are without doubt. The second trust-deed of $10,000, dated January 3, 1893, was simply a renewal of the earlier security, and did not increase the incumbrance, of which the company had knowledge when it made the contract of insurance evidenced by the policy sued on. The deed of trust of $2,000, of November 3, 1892, in Tribette's favor, did not increase the amount of the lien on the property insured. When the policy was issued, the company knew of, and consented to, the incumbrance on the property of $10,000 in Tribette's favor, The debt secured by this deed of trust was payable in five equal annual installments. When the first installment of $2,000 was paid by Stein to Tribette, is uncertain, but it is not uncertain that this sum of $2,000, paid by Stein to Tribette as the first installment, was reloaned by the latter to the former, and the deed of trust of November 3, 1892, for $2,000, was executed to secure this reloan of that amount. The incumbrance was not thereby increased. The insurer had consented that the property might be incumbered in Tribette's favor to the amount of $10,000, and the reloan simply restored the *status quo* existing at the date of the issuance of the policy, as to maximum incumbrance allowable in Tribette's favor. *Kister* v. *Insurance Co.*, 128 Pa. St., 553; *Gould* v. *Insurance Co.*, 134 Pa. St., 570; *Russell* v. *Insurance Co.*, 71 Iowa, 69; *Mowry* v. *Insurance Co.*, 64 Hun (N. Y.), 137. We are of opinion, therefore, that no forfeiture was worked in the execution of any or all of the deeds of trust referred to.

There was no error in the court's action in permitting evidence to go to the jury showing the value of the property destroyed was greater than was determined by the award of the appraisers appointed by Stein and the insurance company; nor was it error to refuse the company's eleventh instruction, by which the jury was sought to be informed that the sum awarded

by the appraisers appointed by Stein and the company was con-
clusive. Tribette was not a party to this arbitration or ap-
praisement, and yet, by the express terms of the policy, the
loss was made payable to him. He was the real party in in-
terest, and when the loss occurred his rights became fixed, and
were not to be diminished or destroyed by his debtor's subse-
quent action. Stein had no more power to reduce the amount
due and payable by the company to Tribette, either directly or
by arbitration, than she had to surrender the policy and release
the company from all obligation to pay Tribette anything.
This question has been before many courts, and the opinions
speak one voice. *Fire Association v. Blum*, 63 Texas, 282;
*Hall v. Fire Association*, 64 N. H., 405; *Bergman v. Insur-
ance Co.*, 92 Ky., 494; *Harrington v. Insurance Co.*, 124
Mass., 126; *Insurance Co. v. Sweetser*, 116 Ind., 370; *Brown
v. Insurance Co.*, 5 R. I., 394.

*Affirmed.*