A. W. CARLILE et al., Appellants, v. HOME MUTUAL INSURANCE ASSOCIATION, Appellee.

No. 42316.

MAY 15, 1934.

Douglas Rogers, for appellants.

Bell & Level, for appellee.

CLAUSSEN, C. J.—On August 7, 1929, the defendant executed and delivered to one Uselding a policy insuring him against loss through destruction by fire of buildings upon premises owned by him. The policy contained the following provision:

"No recovery shall be had under any policy issued by this association caused by the design of the insured."

The premises were mortgaged to plaintiffs. On August 28, 1929, at the oral request of Uselding, the defendant attached a "loss

payable" clause to the policy, the pertinent part of which is as follows:

"Loss or damage, if any, to the buildings insured under this policy is hereby made payable to A. W. Carlile & C. B. Miller, Mortgagee, as its interest may appear at date of loss, subject to all the conditions of said policy; except that as to interest of the aforesaid Mortgagee herein, this policy shall not be invalidated by the non-payment of any premium, premium note, assessment or dues against said policy, unless ten days prior written notice shall be given said Mortgagee by this insurance company of such non-payment."

Soon after this, the policy, with such loss payable clause attached, was delivered by Uselding to plaintiffs. On September 23, 1932, while the policy was in force, Uselding designedly set fire to the buildings and they were totally destroyed. Plaintiffs made demand upon the insurance company for the payment of the policy but the company denied liability and thereupon this suit was commenced. The case was tried to the court upon an agreed statement of facts. The court found for the defendant. Plaintiffs appeal.

It will be noted from the portion of the policy above quoted that no recovery can be had upon the policy for loss caused by the design of the insured. It will also be noted that the loss payable clause provides that loss or damage to the insured buildings is made payable to plaintiffs, subject to all of the conditions of the policy. On the face of things it appears that plaintiffs cannot recover because their rights are subject to the conditions of the policy, one of which is that there shall be no liability on the policy for loss caused through design of the insured. Appellants contend, however, that an independent contract of insurance was created between appellants and the insurance company as a result of the loss payable clause being attached to the policy; that as a result of such contract, Uselding was no longer the insured; that since Uselding was no longer the insured, his act in setting fire to the building would not relieve the defendant from liability.

Substantially the same contention was made in the case of Union Building Assoc. v. Rockford Ins. Co., 83 Iowa 647, 49 N. W. 1032, 1033, 14 L. R. A. 248, 32 Am. St. Rep. 323. After an extended review of the authorities, this court quoted with approval the following language from Flanders on Fire Insurance:

"Where the policy provides that the loss, if any, is payable to another, to a mortgagee, for example, instead of the assured, it is merely a designation of the person to whom it is to be paid, and is not an assignment of the policy. Hence it is the damage sustained by the party insured, and not by the party appointed to receive payment, that is recoverable from the insurers. * * * In other words, a policy made 'payable to A, in case of loss,' is an agreement on the part of the insurers that 'A' shall recover whatever the person originally insured may be entitled to receive in case of loss; that is, it is a contingent order or assignment of what may become due under the contract, and not an absolute transfer, by virtue of which the assignee acquires the full rights of an assignee of a chose in action."

The rule of law announced in that case has never been questioned and is sustained by the weight of authority in other jurisdictions. Appellants cite no authorities sustaining their position in which the facts are in any degree comparable with the facts in the case at bar. The condition breached in that case was not the same as in the case before us, but, the rule of that case is decisive of this case.

II. There are cases in which the courts have held, in view of the terms of loss payable clauses involved in such cases, that the conditions of the policy are not applicable where recovery is sought by the mortgagee. Appellants contend that this is such a case. An examination of the wording of such loss payable clauses discloses great differences in phraseology. Appellants cite many cases from other jurisdictions to sustain the contention. To illustrate the general character of the cases so cited by appellants we refer to the case of Christenson v. Fidelity Ins. Co., 117 Iowa 77, 90 N. W. 495, 94 Am. St. Rep. 286, which is cited in appellants' brief and extensively referred to in their argument. In that case the policy provided:

"If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest *as shall be written upon, attached, or appended hereto.*"

The loss payable clause in the policy was as follows:

"Loss, if any, payable to H. J. Stevens, mortgagee, as his interest may appear at the time of same."

None of the conditions relieving the company from liability were "written upon, attached, or appended" to the policy. It was held that the provisions of the policy relieving the insurance company from liability to the owner did not apply to the liability of the insurance company to the mortgagee since they were not written upon, attached, or appended to the policy. Such holding was, of course, inevitable under the language of the contract. The Christenson case fairly illustrates the inapplicability of the many cases cited by appellants, due to differences in terminology. Some significance is attached by appellants to the fact that the mortgage required Uselding to carry insurance for the benefit of the mortgagees. But under the record in this case appellants' rights and the insurance company's liabilities are founded solely on the policy and the loss payable clause. Appellants' rights to be paid are specifically made "subject to all the conditions of said policy" excepting only the consequences of nonpayment of premiums by the owner. Under this language it was not necessary to rewrite the conditions of the policy in the loss payable clause.

By the terms of the policy, which were specifically made applicable to plaintiffs by the loss payable clause, recovery could not be had for damage caused through design of Uselding. It follows that the judgment of the trial court must be affirmed.—Affirmed.

MITCHELL, STEVENS, ANDERSON, and KINTZINGER, JJ., concur.