Union Central Life Insurance Company, Appellee, v. Franklin County Farmers Mutual Insurance Association, Appellant.

No. 43533.

December 15, 1936.

W. C. Shepard and Leming & Hobson, for appellant.

John Behnke and Stipp, Perry, Bannister & Starzinger, for appellee.

Mitchell, J.—On August 29, 1930, J. H. Marken was the owner of the southeast quarter of section 2, township 91, range 18, in Butler county, Iowa, upon which land was situated a barn and corn crib. On that date Marken made application for insurance on these buildings, to the Franklin County Farmers Mutual Insurance Association, and in the application he described the buildings, fixed their value, and gave notice that loss, if any

occurred, should be payable to him as the insured and the Union Central Life Insurance Company of Cincinnati, Ohio, mortgagee, as their interest appeared. There was attached to the policy a mortgage clause known as the standard mortgage clause, which provided among other things that the mortgagee "shall notify the Insurance Association of the commencement of foreclosure proceedings or of any notice of sale or of change in ownership of the property which came to the knowledge of the mortgagee." The by-laws of the Association were made a part of the policy and they contained the provision that "in event of sale the Association shall at once be notified and the policy sent in for cancelation or assignment, subject to approval of the secretary, and failure to obtain such approval shall invalidate the policy."

The Union Central Life Insurance Company held a first mortgage upon the Marken land. During those dark days of 1933 it was impossible for the mortgagor to meet the payments on the mortgage, and on the 21st day of July, 1933, Marken and his wife made, executed and delivered to the Union Central Life Insurance Company a warranty deed, conveying the land above described to the company, who took title in cancellation of the mortgage and in satisfaction of the debt which was secured thereby. The deed was duly recorded in the office of the county recorder of Butler County, Iowa. No notice of this transaction with Marken and his wife, or recording of the deed, was given to the Franklin County Farmers Mutual Insurance Association. On December 13, 1933, a fire destroyed the barn and corn crib on the farm and thereafter the Union Central Life Insurance Company wrote to the Franklin County Farmers Mutual Insurance Association and told them it now held a deed to the property and title was in its name, informed the Insurance Association of the loss by fire, and asked that draft be made payable and forwarded to the Union Central Life Insurance Company. The Association denied liability and refused to pay the loss, and as a result this action was commenced to recover upon said policy. The defendant denied that it was liable, on the theory that the mortgage clause attached to the policy provided that the mortgagee must notify the Insurance Company of the commencement of any foreclosure proceedings or of any notice of sale or of change in the ownership of the property which came to the knowledge of the mortgagee; that the taking of the deed

and recording of it constituted a change of ownership within the meaning of the policy; and that the mortgagee failed to give notice of this change of ownership until after loss, and that it could therefore not succeed. The lower court directed a verdict in favor of the plaintiff for the amount of the policy. Defendant was dissatisfied with this and has appealed to this court.

The facts in this case are not in dispute. That the policy was issued is admitted; that there was attached thereto the standard mortgage clause, making the loss payable to mortgagee; that the real estate was transferred by the mortgagor to the mortgagee; that no notice of said transfer was given defendant Insurance Association. There is no question as to the amount of the loss.

The important question with which we are confronted, is whether the transfer of this real estate by a warranty deed from the mortgagor to the mortgagee is such a change of ownership as to require notice to the Insurance Association. The Insurance Association asked for a strict interpretation of the contract. It is its theory that the contract was written between these parties and that the court must hold the contracting parties to the agreement they entered into. True, it is not the duty of the court to write contracts for the parties, nor will courts do this. All the court is interested in is the interpretation of the contract. The appellee contends that the acquisition of title by it as mortgagee is an increase in its interest and not a change of ownership. In such case no stranger is introduced, since at the time the clause was attached to the policy the insurer approved of the mortgagee as an insurance risk. It must be kept in mind in this case that there was attached to the policy not just a loss payable clause, but what is known as the standard mortgage clause, sometimes referred to as the "New York" or "Union" mortgage clause, which constitutes an independent contract of insurance between the insurer and the mortgagee.

In 2 Cooley's Briefs on Insurance, 2d Edition, page 1269, we find the following:

"The insertion in the policy of what is commonly known as the 'Union Mortgage Clause' providing that the insurance as to the interest of the mortgagee shall not be invalidated by acts of the mortgagor and that in case payment is made to the mortgagee under such clause, when without it no claim would have

existed, the Company shall be subrogated to the mortgagee, creates a separate and distinct insurance of interest of the mortgagee.'' (Citing Hastings v. Westchester Fire Insurance Company, 73 N. Y. 141.)

We quote the following from New York Courts of Appeals' opinion in the Hastings v. Westchester Fire Insurance Company case, supra:

''The mortgage clause was agreed upon for this very purpose, and created an independent and a new contract, which removes the mortgagees beyond the control or the effect of any act or neglect of the owner of the property, and renders such mortgagees parties who have a distinct interest separate from the owner, embraced in another and a different contract.'' (p. 150)

''The legal effect of the mortgage clause was, that the defendant agreed that in case of loss it would pay the money directly to the mortgagees; and they were thus recognized as a distinct party in interest. It created a new contract from that time with the mortgagees, the terms of which most clearly indicate that it had no relation to the application of the condition referred to. The insurance had been to the owner, and the additional provisions, which were incorporated in the policy by the mortgage clause, created a distinct contract with the mortgagees. It was an independent agreement partaking in no sense of the character of an assignment of a policy of insurance, but one in which the mortgagees were recognized as a separate party, having distinct rights, and entitled to receive the full amount of insurance money, without any regard whatever to the owner of the property.'' (p. 147)

In speaking of the relation established by the standard mortgage clause, the court in Continental Insurance Company of New York v. Rotholz, 222 Ala. 574, 133 So. 587, said at page 589:

'' 'It gives to the mortgagee such an independent status as might authorize a recovery by him on the policy, even though the circumstances were such as would prevent a recovery by the mortgagor, and notwithstanding the failure of the mortgagee to give the insurer the notice contemplated by the provisions of the standard clause, of any change of ownership which shall come to his knowledge.' ''

In the case of Employers' Fire Ins. Company v. Ritter, 112 N. J. Eq. 418, 164 Atl. 426, the owners mortgaged the property to Barbara Ritter. The Employers' Fire Insurance Company issued its fire policy to the owners. Attached to the policy was a standard mortgage clause payable to the mortgagee, as her interest might appear. The mortgage was foreclosed, and at the sale the mortgagee bought the property. Sheriff's deed was duly issued and recorded. Nine months thereafter the buildings on the property were destroyed by fire. The insurance company paid the loss without knowledge of the change of ownership, and on learning of such fact, sued to recover. The court below denied recovery and the appellate court affirmed the decree. Speaking of the standard mortgage clause, the court said at page 428:

"No new person became a party to the insurance contract at the foreclosure sale, and there was no change of risk except by the withdrawal of the interest of the mortgagor and the increase of the amount of interest of the mortgagee. The parties to the contract were the same after the sale. The foreclosure did not constitute such a change of ownership as would invalidate the policy, though no notice of such foreclosure was given to the company."

In the case at bar we have no foreclosure.of the mortgage. We have a friendly arrangement, whereby the mortgagee took title to the property. There was an independent contract between the Insurance Association and the mortgagee. Under the standard mortgage clause which was attached to the policy no new risk was involved. The insurer has already passed upon and accepted the mortgagee as a proper party with whom to contract, and it cannot complain that its interest is increased. The provision that notice of foreclosure or of sale must be given, is in response to the feeling that where adversary proceedings are brought there may be some adversary feeling on the part of the mortgagor or a temptation to cash in on his property before it is lost thru foreclosure. No such considerations would dictate a requirement of notice of enlargement of title in the mortgagee. This was simply an enlargement of the insured's title, and it cannot void the policy.

This court had before it a similar question in the case of Esch Bros. v. Home Ins. Co.. of New York, 78 Iowa 334, 43 N. W. 229, 16 Am. St. Rep. 443. On page 343 this court said:

"It remains to be determined whether the policy, as reformed, has been broken by reason of the change in title, resulting from Bridget Donegan's failure to redeem. This was not a diminution of the interests of the assured, but an increase, and hence not a breach of the policy. See Bailey v. Insurance Co., supra, [(C. C.) 13 F. 250], and authorities cited therein."

Appellant cites the case of Belatti v. Western Grain Dealers Mutual Fire Insurance Company, 58 S. D. 404, 236 N. W. 367. The South Dakota court in that case does not consider nor discuss the practically universal rule that enlargement of title is not a change in ownership within the meaning or scope of the mortgage clause requiring notice of such a change.

Other questions are raised, which we do not find it necessary to discuss. It follows that the judgment and decree of the lower court must be, and it is hereby, affirmed.—Affirmed.

Chief Justice and all Justices concur.