R. L. CONARD, Appellee, v. CLARENCE MORELAND, THE WORLD FIRE AND MARINE INSURANCE COMPANY, Appellant, et al.

No. 45447.

June 17, 1941.

Rehearing Denied September 26, 1941.

Russell K. Craft and Stipp, Perry, Bannister & Starzinger, for appellant.

Curtis W. Gregory and H. L. Bump, for appellee.

Stiger, J.—Defendant, Brady Transfer & Storage Company, the insured under the policy issued by defendant insurance company, had no interest in the tractor at the time of the trial and is not a party to this appeal.

An endorsement was attached to the policy covering the tractor against damage by collision which acknowledged that Moreland owned the .tractor and was the insured under the rider. The endorsement contained the following statement:

"Subject to all the provisions, exclusions, conditions and warranties contained in this policy, loss, if any, payable, as interest may appear, to Assured [Moreland] and Roy Conard & Brady Transfer & Storage Co. as their interest may appear."

The tractor was damaged in a collision with an automobile.

Moreland, the insured owner of the tractor, brought suit for $25,000 for personal injuries and $2,400 for damages to the tractor. He recovered a judgment for $8,500 for both claims under a stipulation of settlement entered in the case. Moreland collected the judgment but did not pay the balance due on the purchase price of the tractor in the sum of $1,517. Plaintiff, R. L. Conard, brought this suit against Moreland to recover the balance due on the purchase price of the tractor and against the insurance company to recover judgment against it under his loss payable clause.

Defendant pleaded as a defense to the suit that the policy contained the following provision: "Subrogation. This Company may require from the Assured an assignment of all right of recovery against any party for loss or damage to the extent that payment therefor is made by this Company." That Moreland recovered his loss and damages from the wrongdoer; that because of the recovery of the judgment, defendant is released as insurer; that Moreland, having recovered the amount of the damage to his tractor caused by the collision, the defendant was deprived of its contract right of subrogation against the tortfeasor; that because of his violation of defendant's right of subrogation, Moreland has no cause of action on the policy; that plaintiff, being merely Moreland's appointee under the loss payable clause to receive any amount due Moreland under the policy, has no greater rights than Moreland.

The trial court entered judgment against the defendant Clarence Moreland for the balance due on the purchase price of the tractor in the sum of $1,517.

The court further found that the value of the tractor at the time of the collision, with certain deductions, was $1,100, and entered judgment against the defendant insurance company for said amount. The insurance company appealed from this judgment.

Plaintiff, under his loss payable clause, was the appointee of Moreland, the insured under the policy, the person designated to receive whatever Moreland was entitled to recover under the policy. Plaintiff was in privity with Moreland only under the loss payable clause which did not create a contractual relation between him and the insurance company. Union

Building Assn. v. Rockford Ins. Co., 83 Iowa 647, 49 N. W. 1032, 14 L. R. A. 248, 32 Am. St. Rep. 323; Delaware Ins. Co. v. Greer, 120 F. 916, 61 L. R. A. 137; Carlile v. Home Mutual Ins. Assn., 218 Iowa 248, 254 N. W. 805; Chandos, Admr., v. American Fire Ins. Co., 84 Wis. 184, 54 N. W. 390, 19 L. R. A. 321; Wunderlich v. Palatine Fire Ins. Co., 104 Wis. 395, 80 N. W. 471; Collinsville Savings Society v. Boston Ins. Co., 77 Conn. 676, 60 A. 647, 69 L. R. A. 924; Gardner v. Continental Ins. Co., 125 Ky. 464, 101 S. W. 908, 31 Ky. Law Rep. 89.

In the case of Carlile v. Home Mutual Insurance Assn., supra, the court rejected the claim of plaintiff that a similar loss payable clause created an independent contract between him and the insurance company. This simple form of loss payable clause, sometimes called the open mortgage clause, must be distinguished from the form known as the union or standard mortgage clause which provides that the insurance as to the interest of the mortgagee shall not be invalidated by acts of the mortgagor and creates an independent contract between the insurance company and the mortgagee. Union Central Life Ins. Co. v. Franklin County Farmers Mut. Ins. Assn., 222 Iowa 964, 270 N. W. 398.

In Delaware Ins. Co. v. Greer, supra, the court stated with reference to a clause reading ''loss, if any, payable to ————, mortgagee, as his interest may appear'' or words of similar import that the mortgagee is made thereby the simple appointee of the mortgagor and that ''No form of words could have been devised or adopted, relating to the insurance of these mortgagees, which would so clearly and conclusively have expressed the intention of the parties to this contract to subject the indemnity secured by the mortgagees to the risk of the acts and omissions of the mortgagor, as the clause which they selected and attached to the policy, because a long line of adjudications, covering more than 40 years, had established the fact that this was its true meaning and effect,'' etc. (Citing cases.)

 Moreland did not have a cause of action on the policy against defendant on its obligation to indemnify· him against loss because he had recovered the full amount of the damages to his tractor and also because he had deprived defendant of its contract right of subrogation against the wrongdoer, such con-

tract right being derived from the assured and, as stated, plaintiff's rights as appointee against the insurance company are limited to the amount due Moreland under the indemnity contract.

When Moreland recovered the amount of his damage from the wrongdoer, the latter was relieved from all further liability for the tort. Appellant, thus being deprived of its right of subrogation, was discharged from its obligation to indemnify its insured. Mutual Fire Ins. Co. v. Weller, 98 Iowa 731, 68 N. W. 443; Illinois Auto. Ins. Exch. v. Braun, 280 Pa. 550, 124 A. 691, 36 A. L. R. 1262; Packham v. German Fire Ins. Co., 91 Md. 515, 46 A. 1066, 50 L. R. A. 828, 80 Am. St. Rep. 461; Illinois Central R. R. Co. v. Hicklin, 131 Ky. 624, 115 S. W. 752, 23 L. R. A., N. S., 870; 29 Am. Jur. 1005, section 1344.

Furthermore, the loss payable clause provided that the loss was payable to plaintiff as his interest might appear, subject to all the provisions, conditions, and warranties contained in the policy, one of the provisions being defendant's right of subrogation, the loss of which furnished defendant a defense to an action on the policy by either plaintiff or Moreland. Carlile v. Home Mutual Ins. Assn., 218 Iowa 248, 254 N. W. 805, supra.

Appellee's proposition that the rights of plaintiff under the loss payable clause became fixed at the time the loss occurred and that his right to recover on the policy could not be defeated by any subsequent act of the mortgagor cannot, under the provisions of the endorsement under consideration, be sustained.

Plaintiff relies principally upon Christenson v. Fidelity Ins. Co., 117 Iowa 77, 90 N. W. 495, 94 Am. St. Rep. 286, and First National Bank of Duluth v. National Liberty Ins. Co., 156 Minn. 1, 194 N. W. 6, 38 A. L. R. 380, and cases cited in the latter case.

In the Christenson case, supra, the court construed the loss payable clause with certain provisions of the policy (not contained in the policy under consideration here) and concluded the purpose of the clause was to give the mortgagee the same protection he would have secured under a union mortgage clause. The decision in the Christenson case does not control the decision in the instant case. For a holding similar to the decision in the Christenson case, see McDowell v. St. Paul Fire and Marine Ins. Co., 207 N. Y. 482, 101 N. E. 457, cited by plaintiff.

In the case of First National Bank of Duluth v. National Liberty Ins. Co., supra, the insurance company did not deny liability on the policy to the insured. The question was whether the plaintiff, mortgagee, under his open loss payable clause, was bound by an adjustment between the insured mortgagor and the insurance company. The court held plaintiff was not bound by the adjustment and had the legal right of participating in an adjustment of the loss. The case has no bearing on the issue before us. Plaintiff places reliance upon the following language of the court:

"The following cases sustain the proposition the rights of the mortgagee to the proceeds of the insurance cannot be compromised or bargained away by the mortgagor without the consent of the mortgagee."

This statement refers to the right of the person to whom the loss is payable to the proceeds of the insurance due from the insurance company. Six of the cases cited by the court involve a standard or union mortgage clause providing that the policy "shall not be invalidated by any act or neglect of the mortgagor or owner of the property." Three of the cases cited, Bergman v. Commercial Assur. Co., 92 Ky. 494, 18 S. W. 122, 13 Ky. Law Rep. 720, 15 L. R. A. 270; Leslie v. Firemen's Ins. Co., 60 Misc. Rep. 558, 112 N. Y. S. 496; Georgia Home Ins. Co. v. Stein, 72 Miss. 943, 18 So. 414, sustain the holding in the National Bank of Duluth case. But see contra Collinsville Sav. Soc. v. Boston Ins. Co., 77 Conn. 676, 60 A. 647, 69 L. R. A. 924; Wunderlich v. Palatine Fire Ins. Co., 104 Wis. 395, 80 N. W. 471; Erie Brewing Co. v. Ohio Farmers' Ins. Co., 81 Ohio St. Rep. 1, 89 N. E. 1065, 25 L. R. A., N. S., 740, 135 Am. St. Rep. 735, 18 Ann. Cas. 265.—Reversed.

HALE, C. J., and SAGER, BLISS, WENNERSTRUM, and MILLER, JJ., concur.

OLIVER, MITCHELL, and GARFIELD, JJ., dissent.