DONLAN v. TRUST CO.

(Filed October 3, 1905).

*Builder's Contracts—Sureties—Elements of Damage—Services in Supervising—Lawyer's Fee—Loss of Rents.*

1. Where a contractor failed to complete plaintiff's houses according to contract, and the latter completed them himself by direction of the defendant, who, as surety for the contractor, covenanted to pay all damages which should occur by the failure of the contractor to comply with his contract, *held*, that the defendant is not liable for a deficiency arising from the plaintiff's having accepted drafts from the contractor for labor and material for more than enough to absorb the sum which was due the contractor.

2. The court erred in holding that $100, which was admitted to be a reasonable charge for the plaintiff's services in supervising the completion of the houses, was a proper charge only against the contractor. It was damages chargeable against the defendant surety, and could not be retained by the plaintiff out of the funds due the contractor, in preference to claims for labor and material.

3. In an action against the defendant as surety for a defaulting contractor, a charge made by the plaintiff for lawyer's fee was properly disallowed.

4. The damage sustained by the plaintiff for loss of rents which he should have received had the contractor completed the houses by the time specified in the contract, directly flows from the breach of the builder's contract, and is within the terms of the defendant's contract of suretyship.

ACTION by Timothy Donlan against American Bonding & Trust Company, heard by *Judge O. H. Allen,* upon excep-

tions to report of referee at the April Term, 1905, of the Superior Court of NEW HANOVER County. From the judgment rendered, both parties appealed.

*E. K. Bryan* for the plaintiff.
*Iredell Meares* for the defendant.

CLARK, C. J.    The defendant as surety to one Vollers, who had contracted to build three houses for the plaintiff by September 15, 1899, covenanted to pay all damages which should accrue by failure of said Vollers to comply, in all respects, with his said contract. On September 20, 1899, the plaintiff notified the defendant that the work was not completed and, later, notified the defendant that it might complete the work, as it was entitled to do, under its bond. It did not choose to do so, but told the plaintiff to complete the houses, which he did at a cost of $460.25 by the referee's report. At that time, Vollers was indebted for labor and material on the houses in the sum of $874.04, for which the plaintiff had accepted drafts from Vollers and has since paid. Vollers owed, besides other amounts for labor and material, of which the plaintiff had then no notification. After deducting $460.-25, cost of completing the houses, from the $1,120 (which was the balance due Vollers had he completed the work), there was only $659.75 to be applied on the $874.04, but the difference cannot be charged to the defendant, as it was the plaintiff's misfortune or officiousness that he accepted drafts for more than enough to absorb the sum which would be due the contractor. Code, section 1802.

It was admitted that $100 was the reasonable worth of the plaintiff's services in supervising the completion of the houses and the judge properly allowed it, but erred in holding it to be a proper charge in favor of the plaintiff only against the contractor. On the contrary, it was damages chargeable against the surety, for it was reasonably in con-

templation of the surety that there would be such supervision required if the contractor should abandon the work. No compensation to the contractor for his services could be allowed in preference to the claims of labor and material to be satisfied out of the money due by the plaintiff, and of course no allowance to one doing the supervision in lieu of the defaulting contractor, would have such preference as against them. It was not a preferred charge against the $1,120 in the plaintiff's hands, which he must or could deduct before paying for labor and material.. The $75 for lawyer's fee was properly disallowed.

The plaintiff was not bound for the indebtedness for material and labor beyond the balance due the contractor, Code, section 1802, and in accepting and paying beyond that sum, he was in his own wrong and cannot ask that the surety make him whole.

On the other hand, the judge finds, as a fact, that the plaintiff sustained as damages $298.33 for loss of rents which he should have received had the contractor completed the houses by the time specified in the contract. This damage directly flows from the breach of the builder's contract and is within the terms of the defendant's contract of suretyship. The judge properly gave the plaintiff judgment for that sum, but his judgment must be corrected by adding thereto the above sum of $100 for supervision of the work.

In the plaintiff's appeal, there is ERROR.

In the defendant's appeal, there is No ERROR.