CEDARBURG LIGHT & WATER COMMISSION, Respondent, v. GLENS FALLS INSURANCE COMPANY and another, Appellants. [Two cases.] *

*Nos. 167, 168. Argued February 5, 1969.—Decided April 1, 1969.*
(Also reported in 166 N. W. 2d 165.)

* Motion for rehearing denied, with costs, on June 3, 1969.

122

For the appellants there was a brief by *Kenneth M. Kenney* and *Wolfe, O'Leary, Kenney & Wolfe* of Milwaukee, and oral argument by *Kenneth M. Kenney*.

For the respondent there was a brief by *Kivett & Kasdorf*, attorneys, and *A. W. Kivett* and *John M. Swietlik* of counsel, all of Milwaukee, and oral argument by *A. W. Kivett*.

CONNOR T. HANSEN, J. The rules under which this court approaches questions on summary judgment are

well established and no useful purpose will be served by again restating them.[1]

The pleadings reflect that the case is predicated upon breach of contract—the breach being the defendants' failure to indemnify under the terms of the fire insurance contracts.

This case is not directed to recovery of litigation expenses in the present action, but to recovery of litigation expenses incurred by the plaintiff in a collateral suit against third-party wrongdoers.

As we consider this case on motion for summary judgment, the issue of primary concern is: Does plaintiff's recovery against the third-party wrongdoers, after plaintiff's fire insurers have denied plaintiff's claim of indemnity, preclude plaintiff from thereafter maintaining an action for breach of contract against such indemnity insurers for alleged unrecoverable litigation expenses incurred by the plaintiff in the successful third-party action?

The plaintiff asserts that defendant-insurers, having rejected its proof of loss and denied liability under the policy, forced plaintiff to bring suit against the third-party wrongdoers. That in so doing plaintiff was damaged because it incurred certain litigation expenses which caused plaintiff's net recovery to be less than its actual damages. Thus, plaintiff argues, since defendants breached their insurance contracts by refusing to pay on the policies, they should pay damages in the amount of plaintiff's litigation expenses incurred in prosecuting the third-party action.

The defendants contend that regardless of whether the policies did in fact indemnify the plaintiff for its loss

---

[1] *Jahns v. Milwaukee Mut. Ins. Co.* (1968), 37 Wis. 2d 524, 155 N. W. 2d 674; *Schandelmeier v. Brown* (1968), 37 Wis. 2d 656, 155 N. W. 2d 659; *Skyline Construction, Inc. v. Sentry Realty, Inc.* (1966), 31 Wis. 2d 1, 141 N. W. 2d 909; *Leszczynski v. Surges* (1966), 30 Wis. 2d 534, 141 N. W. 2d 261.

(whether the policies did cover the plaintiff's loss has not been determined, and the policies are not part of the record), indemnity insurers are not liable for litigation expenses incurred by their insured in obtaining full recovery from third parties.

Once the insurers deny liability, as was done in this case, the decision as to the manner of proceeding moves to the insured. The insured must either accept the denial of indemnification; or commence suit against the insurer or the third party, or both the insurer and the third party. In the instant case the insured elected to sue the third party.

The question resolves to whether the insured or the insurer should bear the third-party litigation expenses in the event it is ultimately determined that there is liability under the fire insurance contract.

If an insured may recover third-party litigation expenses, then when an insurer denies liability and the insured elects to prosecute the third party instead of the insurer, the insurer is forced into a position of taking the risk that its policy in fact covers the loss. We recognize that questions of coverage are sometimes difficult.

On the other hand, if the insured cannot recover his third-party litigation expenses, should it ultimately develop that the insurer should have paid under the policy provisions, then the insured has not been made whole.

This situation appears to present a question of first impression in this state. An examination of authorities reflects that several states have statutory provisions which resolve this question. This state does not. Also, there is a substantial quantity of authority which considers the responsibility of a liability insurer to its insured's defense of third-party litigation. However, there is an obvious distinction between the responsibilities of a liability insurer under the terms of its contract as contrasted with those of a nonliability insurer, as in the instant case.

As a general rule, in the absence of any contractual or statutory liability therefor, attorney's fees and expenses

incurred by the plaintiff in litigation of his claim against the defendant, aside from statutory court costs and fees, are not recoverable as an item of damages. Nor are attorney's fees and other expenses incurred in former litigation between the same parties recoverable in a subsequent action. 22 Am. Jur. 2d, *Damages,* p. 234, sec. 165. *Baker v. Northwestern National Casualty Co.* (1965), 26 Wis. 2d 306, 132 N. W. 2d 493.

However, there are various exceptions to and modifications of this rule.

"If a breach of contract is the cause of litigation between the plaintiff and third parties that the defendant had reason to foresee when the contract was made, the plaintiff's reasonable expenditures in such litigation are included in estimating his damages." Restatement, 1 *Contracts,* p. 531, sec. 334. 22 Am. Jur. 2d, *Damages,* p. 235, sec. 166.

The rule is thus stated in 5 Corbin, *Contracts* (1964), pp. 225, 226, sec. 1037:

"Among the losses suffered by a plaintiff because of the defendant's breach of contract may be the expenses of litigation. Such expenses are losses suffered by reason of the defendant's breach; . . . . They are affirmatively subtracted from the plaintiff's wealth, and are not expected gains from performance of the contract that have been prevented. If the plaintiff can show that the defendant's breach of contract has caused litigation involving the plaintiff in the payment of counsel fees, court costs, and the amount of a judgment, and shows further that such expenditure is reasonable in amount and could not have been avoided by him by reasonable and prudent effort, he can recover damages against the defendant measured by the amount of these expenditures. The rule just stated does not deal with the cost of litigation with the defendant himself."

In this case we would add to the rule just stated that it is necessary to determine that the defendants had reasonable notice of the object and pendency of the third-party action and an opportunity to decide whether to join in the prosecution or contribute to the expense thereof.

We consider the foregoing precepts to be appropriate in adjudicating the obligations of the respective parties in this case.

This court quoted McCormick, *Damages* (hornbook series), p. 246, sec. 66, for the proposition that a breach of contract as well as tort may be a basis for allowing the present plaintiff to recover reasonable third-party litigation expenses in *Baker, supra,* at 319, 320. In *Meiser v. Aetna Casualty & Surety Co.* (1959), 8 Wis. 2d 233, 98 N. W. 2d 919, an insured recovered his third-party litigation expenses from his property liability insurer under a breach of contract theory. In the event it ultimately develops there was, in fact, no coverage afforded under the defendants' insurance contracts, there is no liability on the part of the insurers for the damages alleged in this action. However, if the defendants are found liable under their policies, then to deny the plaintiff the right to recover the costs of the prior third-party litigation is to deny it all the damages to which it may be entitled under its contract of insurance with the defendants.

The defendants further contend that plaintiff's prior recovery of its damages from the third party is a bar to any claim of the plaintiff because defendants' subrogation rights have been destroyed due to plaintiff's recovery from the third parties. On the record before us, it does not appear that the defendants have made any payments under the policies which would give rise to possible subrogation rights. More importantly, the present case is not for recovery under the policy but rather for breach of contract to recover costs and expenses of the third-party litigation. In the event there is coverage under the insurance contracts and the defendants, with knowledge of the object and pendency of the third-party action, elected not to join in its prosecution or to contribute to the expenses thereof, the case stands as if subrogation had been offered and refused.

The trial court properly determined that there are material facts that are in dispute in these actions and that the defendants have not established a prima facie case for summary judgment under sec. 270.635, Stats.

*By the Court.*—Order affirmed.