BILL MARTIN v. HARTFORD ACCIDENT AND INDEMNITY COMPANY

No. 8318SC849

(Filed 5 June 1984)

**Attorneys at Law § 7— action against principal on bond—surety not liable for attorney fees**

> The surety on a bond given to cover purchases of livestock was not liable for attorney fees expended by the seller in a successful action against the buyer-principal to recover the purchase price of the livestock since (1) no North Carolina statute permits such an award of attorney fees to a creditor; (2) it does not appear that the principal is liable for attorney fees and the surety thus cannot be made liable for them; (3) the Packers and Stockyards Act, which required the bond, does not provide for an award of attorney fees against a surety; and (4) the bond itself did not provide for attorney fees. The Court of Appeals declined to adopt a rule permitting attorney fees when a defendant's breach of contract has caused litigation involving the plaintiff, but had such rule been adopted, it would have been inapplicable under the circumstances of this case.

APPEAL by plaintiff from *Rousseau, Judge.* Judgment entered 20 April 1983 in Superior Court, GUILFORD County. Heard in the Court of Appeals 7 May 1984.

Martin v. Hartford Accident and Indemnity Co.

This is an action brought by plaintiff, a dealer in cattle, against defendant indemnity company, who, as surety, issued its bond to cover purchases of livestock made by Jim Heath Cattle Company ("Heath"), a Missouri corporation. Plaintiff filed this action in order to recover attorney's fees he expended in an earlier successful action brought against Heath to recover the purchase price of the livestock he sold to Heath.

The parties are not in dispute about the events leading up to this appeal, which are as follows: Between 1 May 1980 and 3 May 1980, plaintiff sold cattle to Heath for approximately $82,000. Heath was the principal on a bond issued by defendant in the amount of $60,000 to insure payment to sellers of cattle, such a bond being required by the Packers and Stockyards Act, 1921.

Plaintiff's attempts to obtain the purchase price from the buyer were unsuccessful, and plaintiff retained counsel to assist him in collecting the amount owed. The attorney filed proof of claim with defendant on 7 July 1980. Defendant acknowledged receipt of the claim and indicated by a letter dated 17 July 1980 it would be back in touch with the plaintiff in two weeks; however, no further communication transpired between the parties. Plaintiff's attorney then contacted a law firm in Kansas City, Missouri, apparently because Heath operated out of Missouri. This firm recommended that plaintiff file suit immediately against Heath because many other claims were being filed against Heath at that time. Suit was filed on 27 August 1980, and a consent judgment for the full amount of the purchase price of the livestock was entered in plaintiff's favor on 24 November 1980. Heath then received an SBA loan and was able to pay plaintiff for the cattle. The foregoing proceedings cost plaintiff in excess of $40,000 in attorney's fees. Plaintiff, believing that defendant's failure to respond to and honor its claim was responsible for its incurring these fees, put defendant indemnity company on notice to pay them. Defendant refused to pay, and plaintiff filed this action against defendant to recover these attorney's fees.

Plaintiff moved for summary judgment. In its order, the trial court denied plaintiff's motion and instead granted summary judgment in favor of defendant. From this order, plaintiff appeals.

*Walker, Ray, Simpson, Warren & Swiggett, by Richard M. Warren and Perry N. Walker, for plaintiff appellant.*

*Henson, Henson & Bayliss, by Perry C. Henson and Paul D. Coates, for defendant appellee.*

VAUGHN, Chief Judge.

The general rule applicable to this case is that in the absence of any statutory liability therefor, attorney's fees and expenses of litigation incurred by plaintiff against a defendant are not recoverable as an item of damage, either in a contract or a tort action. *Construction Co. v. Development Corp.*, 29 N.C. App. 731, 225 S.E. 2d 623, *review denied*, 290 N.C. 660, 228 S.E. 2d 459 (1976). *See generally* Hightower's N.C. Law of Damages, §§ 9-1 and 9-2. We here affirm the trial court's order and hold that the general rule applies to this case and that attorney's fees are not recoverable by plaintiff from defendant surety. In reaching our decision, we have reviewed pertinent North Carolina authority, including basic concepts of surety law, the terms of the bond itself, provisions of the Packers and Stockyards Act, pursuant to which the bond was issued, and case law from other jurisdictions, yet we are not persuaded that plaintiff is entitled to attorney's fees from the cattle buyer's surety.

First, no North Carolina statute permits an award of attorney's fees to a creditor proceeding against a surety in like circumstances. One noted authority in insurance law emphasizes the necessity for express statutory authorization before such fees may be awarded:

> As a general rule, and apart from special contract provisions, express statutory authorization of the recovery of the attorneys' fees is required, for in the absence of a statute allowing it, one successfully maintaining an action on an insurance policy is not entitled to recover . . . attorneys' fees.

15A Couch on Insurance 2d (Rev. ed. 1983) § 58:124 (and cases therein cited). North Carolina adheres to this principle. *Perkins v. Insurance Co.*, 4 N.C. App. 466, 167 S.E. 2d 93 (1969) (attorney's fees not regarded as court costs unless otherwise provided by statute).

Only one North Carolina statute addresses the issue of attorney's fees when an insurer has wrongfully denied a claim, and although a surety is functionally an insurer, this statute does not apply to the case before us. G.S. 6-21.1 permits the judge to allow the successful plaintiff a reasonable attorney's fee in a suit against an insurance company upon a finding by the court that there was an unwarranted refusal by the insurer to pay the claim of plaintiff-insured which constitutes the basis of the suit, where the judgment is $5,000 or less. The policy behind this statute, as articulated by our Supreme Court, is to provide relief for an injured party where it might not be feasible to bring suit if that party has to pay an attorney out of the proceeds. *Hicks v. Albertson*, 284 N.C. 236, 200 S.E. 2d 40 (1973).

Turning next to case law, we encounter few North Carolina cases on point, but note that the extant authority indicates attorney's fees are not recoverable here. *See Donlan v. Trust Co.*, 139 N.C. 212, 51 S.E. 924 (1905). Moreover, general principles of suretyship also buttress the defendant surety's position. It has been said that sureties are liable only for that amount for which their principal is liable as long as it does not exceed the amount of the bond, *State v. Guarantee Co.*, 207 N.C. 725, 178 S.E. 550 (1935), and nowhere does it appear that Jim Heath, the principal on the bond, is or was liable for attorney's fees. In the consent judgment obtained by plaintiff against Heath, no provision was made for attorney's fees, and accordingly, the surety cannot be made liable for them. *See Fausett Builders v. Glove Indemnity Co.*, 247 S.W. 2d 469, 220 Ark. 301 (1952) (denying attorney's fees where no provision made therefor in bond, on theory that surety's liability cannot exceed principal's).

The Packers and Stockyards Act does not provide for an award of attorney's fees against a surety, only authorizing attorney's fees to enforce reparation orders in federal district court. 7 U.S.C.A. § 210(f). In cases where plaintiffs have sought attorney's fees under the Act in circumstances analogous to ours, courts have uniformly applied the general rule which denies attorney's fees absent a state statute otherwise providing. *See Hays Livestk. Com'n. Co., Inc. v. Maly Livestk. Com'n. Co., Inc.*, 498 F. 2d 925, 933 (10th Cir. 1974) (stating general rule); *Lewis v. Goldsborough*, 234 F. Supp. 524 (E.D. Ark. 1964) (question of attorney's fees governed by state law).

The bond itself could have validly provided for attorney's fees. It did not. The bond only refers to "the purchase price of all livestock." This language contrasts with the terms of the bond involved in *National Union Fire Ins. Co. v. Denver Brick & Pipe Co.*, 162 Colo. 519, 427 P. 2d 861 (1967), by which the surety accepted liability for "all costs, damage and expense by reason of the principal's default under the contract." The court interpreted this language as obligating the surety to pay attorney's fees where the surety failed to correctly assess its legal liability and was thus responsible for the ensuing litigation. Although the holding in *Denver Brick* was predicated on language more inclusive than the language before us, even the inclusion of such broader language in a bond will not always permit the recovery of attorney's fees. In *Federal Surety Co. v. Basin Const. Co.*, 91 Mont. 114, 5 P. 2d 775 (1931), where the surety obligated itself through its bond to pay "any and all damages, directly arising by failure of the principal to perform faithfully said contract," the court concluded that this language was "not intended to include attorney's fees, but rather the usual and ordinary damages resulting from a breach of the contract." *Id.* at 126, 5 P. 2d at 778.

Cognizant that North Carolina does not currently authorize the recovery of attorney's fees in the type of situation exemplified by the facts at bar, plaintiff urges us to adopt for the first time in this State a judicial exception to the general rule disallowing attorney's fees in civil cases, absent statute or contractual agreement. This proposed exception was thus stated by a Virginia court:

> [W]here a breach of contract has forced the plaintiff to maintain or defend a suit with a third person, he [or she] may recover the counsel fees incurred . . . in the former suit provided they are reasonable in amount and reasonably incurred.

*Owen v. Shelton*, 221 Va. 1051, 1055-6, 277 S.E. 2d 189, 192 (1981), *quoting Hiss v. Friedberg*, 201 Va. 572, 577, 112 S.E. 2d 871, 876 (1960) (where real estate broker failed to disclose certain information to his clients, the owners, and litigation resulted between owners and purchasers because of this failure, owners were awarded attorney's fees in subsequent suit against broker).

There seems to be a strong implication in cases construing this exception that the act of the insurer giving rise to the litigation must be wrongful, *e.g., City of Cedarburg L. & W. Com'n. v. Glens Falls Ins. Co.*, 42 Wis. 2d 120, 166 N.W. 2d 165 (1969) (defining issue as whether litigation expenses incurred by plaintiff in a collateral suit against "third party wrongdoers" may be recovered). *See also* 2A Couch on Insurance 2d (Rev. ed. 1984) § 21:41-2 (noting that where statute imposes penalty on insurer for failure to pay claim in form of attorney's fees, refusal to pay must be in bad faith or vexatious). In *Cedarburg*, the defendant-insurer had denied a claim under a fire insurance policy, whereupon plaintiff successfully sued the party actually responsible. In the collateral suit, the plaintiff was attempting to recover from the insurer attorney's fees incurred in the principal suit on the theory that the original denial of the claim was wrongful and that "plaintiff was damaged because it incurred certain litigation expenses which caused plaintiff's net recovery to be less than its actual damages." *Id.* at 123, 166 N.W. 2d at 167.

In its opinion, the Supreme Court of Wisconsin first reiterated the majority rule that attorney's fees are not recoverable absent statutory or contractual authority. No Wisconsin statute was applicable and the policy did not provide for attorney's fees. The court nevertheless allowed the plaintiff to recover these fees by adopting the exception that plaintiff urges upon us here, *i.e.*, attorney's fees will be allowed when a defendant's breach of contract has caused litigation involving the plaintiff. Besides requiring proof of causation, the court identified additional elements required to be proven before the exception permitting recovery of fees would apply, namely, that

> it is necessary to determine that the defendants had reasonable notice of the object and pendency of the third party action and an opportunity to decide whether to join in the prosecution or contribute to the expense thereof.

*Id.* at 125, 166 N.W. 2d at 168.

Conceding that the proposed exception presents an alternative to the rule disallowing attorney's fees, we nonetheless decline to modify the rule beyond those exceptions currently embodied by North Carolina statutes. The majority viewpoint, and in our opinion the better one, leaves the matter of a creditor's right

to recover attorney's fees from a surety for a breach of its bond causing the creditor to sue on the initial claim to the consideration of the legislature.

We emphasize, however, that even had we adopted the judicial exception proposed by appellant, that party would still not be entitled to attorney's fees as the exception is not applicable to the facts of this case. Most significantly, the record reveals no wrongful action or bad faith on the defendant's part. Although the letter by which defendant responded to plaintiff's claim suggested that defendant would be able to respond within two weeks, the particular failure of the defendant to do so, and the general lack of further communication between the parties are not equivalent to a formal unwarranted denial of the claim. That is, we do not believe that taking no action on a claim amounts to a denial of that claim, and hence defendant cannot be guilty of a wrongful action in this regard.

The two week period expired on or about 1 August 1980, and upon the advice of his attorneys, plaintiff instituted the original suit against Heath later that month. Under the express terms of the bond, no suit would lie against the surety until 180 days from the date of the transaction giving rise to the claim had expired. As the defendant argues, the purpose of this is to "allow the dust to settle." Since the purchases were made on 1 to 3 May 1980, 180 days had not yet expired when defendant failed to take action on plaintiff's claim and when plaintiff filed suit against Heath. By the time 180 days were up, the dust had indeed settled and plans had been made for Heath to pay plaintiff the money owed. At that point, plaintiff had no claim against defendant on the bond. By the very terms of the bond, then, defendant was guilty of no wrongful action. Plaintiff knew he had the option of waiting for the 180 days to elapse and recovering $60,000 from defendant when he filed suit against Heath for the full amount owed. Plaintiff was not compelled by defendant's actions to institute suit against Heath, but rather made a choice between two alternatives. Plaintiff cannot now complain of the legal fees he incurred as one of the consequences of this choice.

Furthermore, as the bond was in the amount of $60,000, and plaintiff sued Heath for more than $80,000, it is clear that plaintiff would have had to employ counsel in any event to fully recover

on his claim. Also, it is not clear that defendant had any notice of the original suit or an opportunity to participate therein, as the *Cedarburg* case suggests are necessary prerequisites to the recovery of attorney's fees.

Finally, we note that there are jurisdictions whose courts have held in similar situations that attorney's fees are not recoverable. *See Faulkner Concrete Pipe Co. v. United States F. & G. Co.*, 218 So. 2d 1 (Miss. 1968) (holding that although contractor was liable to supplier for attorney's fees pursuant to contract between them, supplier could not recover attorney's fees from surety where neither provided for in bond nor allowable by statute); *Town of East Longmeadow v. Maryland Casualty Co.*, 348 Mass. 722, 206 N.E. 2d 54 (1965) (counsel fees in action against surety to recover for breach of its obligation on performance bond guaranteeing appraising contract were not recoverable).

Affirmed.

Judges BRASWELL and EAGLES concur.