EDWARD G. ROBINSON AND RITA SWANSON-ROBINSON, Plaintiffs v. JOSEPH W. HOPE, JR., Individually and as agent for FLAT ROCK REALTY, LLC, a North Carolina Limited Liability Company, and FLAT ROCK REALTY, LLC, a North Carolina Limited Liability Company, Defendants

No. COA11-665

(Filed 1 November 2011)

**Attorney Fees—litigation-related expenses—expert witness fees—other litigation costs—no statutory authority**

The trial court did not err in a breach of fiduciary duty and unfair trade practices case by granting partial summary judgment in favor of defendants to the extent that plaintiffs were seeking damages in the form of attorney fees, litigation-related expenses, expert witness fees, and other litigation costs when the alleged wrongful conduct of defendant realtor resulted in a third-party lawsuit. There was no statutory authority for an award of attorney fees under the circumstances of this case.

Appeal by plaintiffs from order entered 5 January 2011 by Judge C. Philip Ginn in Henderson County Superior Court. Heard in the Court of Appeals 3 October 2011.

*F.B. Jackson & Associates Law Firm, PLLC, by Angela S. Beeker and Frank B. Jackson, for plaintiff appellants.*

*Roberts & Stevens, P.A., by Wyatt S. Stevens and Ann-Patton Hornthal, for defendant appellees.*

McCULLOUGH, Judge.

Plaintiffs appeal from an order granting partial summary judgment in favor of defendants to the extent that plaintiffs are seeking damages in the form of attorneys' fees, litigation-related expenses, expert witness fees and other litigation costs associated with defending a prior third-party lawsuit. We affirm.

## I. Background

Plaintiffs Edward G. Robinson ("Robinson") and Rita Swanson-Robinson ("Swanson-Robinson," collectively, "plaintiffs") initiated the present action by filing a Summons and Complaint against defendants Joseph W. Hope, Jr. ("Hope"), and Flat Rock Realty, LLC ("FRR," collectively, "defendants"), alleging, *inter alia*, breach of fiduciary duty and violation of the Unfair and Deceptive Trade Practices Act

("UDTPA"). In the present action, plaintiffs seek damages in the form of attorneys' fees, litigation-related expenses, expert witness fees, and/or other litigation costs associated with defending a prior action brought against them by Elizabeth Runnels ("Runnels"), the buyer of a residence located on Robinson's real property. Runnels sued plaintiffs for breach of contract, alleging, among other things, that plaintiffs had failed to obtain a permit for a residential septic system and that plaintiffs had failed to construct the residence in conformity with the North Carolina Residential Building Code. FRR was the realty company that had listed the property, and Hope served as plaintiffs' real estate agent in the sale of their property to Runnels. The facts underlying the prior action are more fully set forth in our prior opinion in *Runnels v. Robinson,* No. COA10-923 (N.C. Ct. App. May 17, 2011).

In their complaint against Hope and FRR, plaintiffs allege that all communications with Runnels or her real estate agent concerning Robinson's property were made on Robinson's behalf by and through Hope and FRR. Accordingly, plaintiffs allege that Hope and FRR "had a fiduciary duty to fully and accurately communicate all material facts concerning [Robinson's property] to third parties." Specifically, plaintiffs allege that "with the help and guidance of, and in reliance upon Hope and Hope's advice as a realtor," Robinson completed a residential property disclosure form that was sent to Runnels by Hope. However, given the manner in which the form was completed, plaintiffs allege that the resulting disclosure statement "was confusing and unclear, and subject to misinterpretation by a potential purchaser." Plaintiffs further allege that Hope prepared advertising materials that incorrectly described the building on Robinson's property as a "three bedroom, one bath, home," and that Hope specifically informed Runnels that there existed a permitted septic system for a three-bedroom residence on Robinson's property. Plaintiffs' complaint states that Hope's willful and/or negligent misrepresentations to Runnels constituted a breach of fiduciary duty and a violation of the UDTPA.

On 29 November 2010, defendants filed a motion for summary judgment seeking dismissal of plaintiffs' complaint. Following a hearing on the motion, the trial court granted partial summary judgment in favor of defendants "to the extent that Plaintiffs are seeking to recover their attorneys' fees, litigation related expenses, expert witness fees or other litigation costs associated with defending the Runnels lawsuit." The trial court denied summary judgment to the extent that plaintiffs are seeking to recover their own personal damages related to the alleged breach of fiduciary duty and unfair trade

practices by defendants. The trial court's order granting partial summary judgment was filed on 5 January 2011.

Thereafter, on 9 March 2011, plaintiffs filed a voluntary dismissal without prejudice as to their remaining claims in order to bring the matter to final judgment for the purpose of allowing the trial court's partial summary judgment order to be appealed. Accordingly, on 9 March 2011, plaintiffs filed a written notice of appeal to this Court from the trial court's order granting partial summary judgment in favor of defendants.

## II.  Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009). Thus, "[s]ummary judgment is properly granted when it appears that even if the facts as claimed by the non-movant are taken as true, there can be no recovery." *Howard v. Jackson*, 120 N.C. App. 243, 246, 461 S.E.2d 793, 796 (1995). We review the trial court's ruling on a motion for summary judgment *de novo*. *Carcano v. JBSS, LLC*, 200 N.C. App. 162, 166, 684 S.E.2d 41, 46 (2009).

## III.  Attorneys' fees as damages

" ' "It is settled law in North Carolina that ordinarily attorneys fees are not recoverable as an item of damages or of costs, absent express statutory authority for fixing and awarding them." ' " *Eakes v. Eakes*, 194 N.C. App. 303, 312, 669 S.E.2d 891, 897 (2008) (quoting *Baxley v. Jackson*, 179 N.C. App. 635, 640, 634 S.E.2d 905, 908 (2006) (quoting *Records v. Tape Corp. and Broadcasting System v. Tape Corp.*, 18 N.C. App. 183, 187, 196 S.E.2d 598, 602 (1973))). Plaintiffs' sole argument on appeal asks this Court to create a judicial exception to this well-established rule and allow the recovery of attorneys' fees and other litigation-related expenses as compensatory damages when the alleged wrongful conduct of the defendant necessitates a third-party lawsuit. Plaintiffs concede they are thus asking this Court to enunciate a new rule of law in North Carolina.

We previously addressed this argument in the case of *Martin v. Hartford Accident and Indemnity Co.*, 68 N.C. App. 534, 316 S.E.2d 126 (1984). In *Martin*, the plaintiff, a cattle dealer, brought an action against the defendant indemnity company who, as a surety, issued a

bond to cover purchases of livestock made by a third-party pur-chaser. *Id.* at 535, 316 S.E.2d at 127. The plaintiff's action alleged that the indemnity company had refused to honor the bond guaranteeing the purchase price, which necessitated a lawsuit directly against the purchaser. *Id.* Thus, the plaintiff sought to recover from the defend-ant indemnity company the attorneys' fees the plaintiff had incurred in bringing the earlier action against the third-party purchaser. *Id.* The trial court granted summary judgment in favor of the defendant indemnity company, and the plaintiff appealed the decision to this Court. *Id.*

On appeal, the plaintiff in *Martin* requested the same relief from this Court that plaintiffs in the present case now seek:

> Cognizant that North Carolina does not currently authorize the recovery of attorney's fees in the type of situation exemplified by the facts at bar, plaintiff urges us to adopt for the first time in this State a judicial exception to the general rule disallowing attor-ney's fees in civil cases, absent statute or contractual agreement.

*Id.* at 538, 316 S.E.2d at 129. However, in *Martin*, this Court "decline[d] to modify the rule beyond those exceptions currently embodied by North Carolina statutes." *Id.* at 539, 316 S.E.2d at 130. Rather, we left the matter "to the consideration of the legislature." *Id.* at 540, 316 S.E.2d at 130.

Despite this holding, plaintiffs point to our discussion of the issue in *Martin*, in which we recognized that both the Virginia Supreme Court and the Wisconsin Supreme Court had adopted the exception that plaintiffs again urge upon this Court in the present case. *See id.* at 538-39, 316 S.E.2d at 129-30 (discussing the cases of *Owen v. Shelton*, 221 Va. 1051, 277 S.E.2d 189 (1981) (where real estate broker failed to disclose certain information to his clients, the owners, and litigation resulted between owners and purchasers because of this failure, owners were allowed to recover attorneys' fees in subsequent suit against broker, holding that "where a breach of contract has forced the plaintiff to maintain or defend a suit with a third person, he may recover the counsel fees incurred by him in the former suit provided they are reasonable in amount and reasonably incurred"), and *City of Cedarburg L. & W. Com'n v. Glens Falls Ins. Co.*, 42 Wis. 2d 120, 166 N.W.2d 165 (1969) (where defendant-insurer denied claim under fire insurance policy and plaintiff successfully sued the party actually responsible, plaintiffs allowed to recover attorneys' fees expended in collateral suit despite the fact that no statute allowed

such recovery)). In addition to the cases cited in dicta in *Martin*, plaintiffs also cite persuasive authority from Illinois, New Jersey, and Nebraska, as well as the Restatement (First) of Torts § 914 (1939) and the Restatement (Second) of Torts § 914(2) (1979), in support of their argument that attorneys' fees incurred in a collateral lawsuit as a result of the defendant's wrongdoing should be recoverable as an item of compensatory damages. Plaintiffs argue that such caselaw from other jurisdictions allowing the requested exception to the general rule distinguishes between attorneys' fees expended in the present action against a defendant, to which the general rule would apply, and those spent to remedy the harm incurred as a result of a defendant's wrongdoing. *See, e.g., Sorenson v. Fio Rito*, 90 Ill. App. 3d 368, 371-74, 413 N.E.2d 47, 51-53 (1980); *National Wrecking Co. v. Coleman*, 139 Ill. App. 3d 979, 982-83, 487 N.E.2d 1164, 1165-66 (1985). Plaintiffs contend this reasoning was subsequently adopted by this Court in *Gram v. Davis*, 128 N.C. App. 484, 495 S.E.2d 384 (1998).

In *Gram*, the plaintiff had purchased two parcels of land, a tract that he intended to develop into a subdivision and a lot in the adjoining subdivision on which he intended to build an access road. *Id.* at 485, 495 S.E.2d at 385. The plaintiff retained the legal services of the defendant attorney to perform the closing and complete a title search for the two parcels. *Id.* Although the defendant attorney discovered that the subdivision lot was restricted to residential use only, he advised the plaintiff that the restriction would not prohibit him from building the access road across the lot. *Id.* However, after constructing the access road, the plaintiff learned that the subdivision lot could not be used to access the subdivision development on his other parcel. *Id.* Thereafter, the plaintiff incurred substantial attorneys' fees to free the parcel from the encumbrance. *Id.* at 486-87, 495 S.E.2d at 386. The plaintiff then sued the defendant attorney for malpractice, seeking as damages the attorneys' fees paid to the subsequent attorney to remedy the effects of the alleged malpractice. *Id.* at 485, 495 S.E.2d at 385.

In *Gram*, we held:

> Although the general rule in North Carolina is that attorneys' fees and other costs associated with litigation are not recoverable in a legal malpractice action absent statutory liability, this rule does not apply to bar recovery for costs, including attorneys' fees, incurred by a plaintiff to remedy the injury caused by the malpractice.

*Id.* at 489, 495 S.E.2d at 387 (citation omitted). Plaintiffs are correct that this Court in *Gram* looked to the caselaw of another jurisdiction and adopted the policy rationale "that rather than attempting to recover the attorneys' fees he expended in litigating the malpractice action, the plaintiff is merely attempting to place himself in the same position as he would have been *but for* the negligence of the defendants." *Id.* at 489, 495 S.E.2d at 388.

Here, plaintiffs argue there exists a strong similarity between an attorney-client relationship and that between a realtor and his client, such that the holding in *Gram* should be extended to the circumstances of the present case. Plaintiffs further argue that, allowing the recovery of attorneys' fees expended to mitigate the alleged wrongdoing of the realtor in the present case is likewise supported by the same policy rationale announced in *Gram* and comports with the purpose of compensatory damages: "[T]o restore the plaintiff to his original condition or to make the plaintiff whole." *Watson v. Dixon*, 352 N.C. 343, 347, 532 S.E.2d 175, 178 (2000).

Nonetheless, we believe the holding in *Gram* should be limited to the circumstances of that case, namely attorney malpractice actions. Were we to extend the exception to allow recovery of attorneys' fees incurred as a result of the alleged wrongdoings of realtors, such a holding would effectively erode the long-standing rule in North Carolina that attorneys' fees are not recoverable as an item of damages absent statutory authority for such an award, as we see no meaningful distinction between realtors and other professionals in this State who maintain a fiduciary relationship with their clients or others.

Moreover, although plaintiffs have cited substantial persuasive authority from other jurisdictions as well as the Restatements of Torts, we are nevertheless bound by the long-standing precedent in this state which disallows the remedy plaintiffs are seeking here. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). As plaintiffs concede, there is no statutory authority for an award of attorneys' fees as damages under the circumstances of the present case. This Court is without the power to change the law in North Carolina, and as such, we once again decline to modify the long-standing rule beyond the current exceptions embodied in our statutes and leave the matter to the consideration of the legislature or our Supreme Court.

Thus, because plaintiffs cannot recover the damages they are seeking in the present case as a matter of law, we affirm the trial court's grant of summary judgment in favor of defendants on that issue.

## IV.  Conclusion

For the foregoing reasons, we must affirm the trial court's order granting summary judgment in favor of defendants to the extent that plaintiffs are seeking as damages attorneys' fees, litigation-related expenses, expert witness fees or other litigation costs associated with defending the Runnels lawsuit.

Affirmed.

Judges STEELMAN and ERVIN concur.